[Sac. No. 23.  Department Two.—March 24, 1896.]

## M. E. LITTLE, RESPONDENT, v. JOHN CALDWELL, APPELLANT.

ATTORNEYS AT LAW—PARTNERSHIP—CONDUCT OF LITIGATION BY SURVIVING PARTNER—MODIFICATIONS OF CONTRACT—ACCOUNTING.—Where a firm of attorneys agreed in writing to conduct a litigation to its final determination, paying all expenses thereof, and to receive fifteen per cent of recovery in case of success, and the contract was orally modified by which the clients agreed to pay a certain sum for the expense of litigation, and paid part thereof, and upon the death of one of the firm before further court proceedings were had, the surviving partner made a new written contract in his own name to pay all expenses and to receive forty-five per cent in addition to the amount agreed to be paid to the firm, and thereafter carried the litigation to a successful termination, there was no agreed abandonment or rescission of the earlier contract, but the later contracts were modifications of the original, and the surviving partner is properly held to account to the heirs of the deceased partner for one-half of the fifteen per cent originally agreed to be paid to the firm.

ID.—ASSIGNMENT OF RIGHTS OF HEIRS—CONSIDERATION—FINDING—CONFLICTING EVIDENCE—SUPPORT OF JUDGMENT.—Where the surviving partner, at the time of the execution of the new contract in his own name, requested and obtained an assignment from the heirs of the deceased partner reciting a consideration of one dollar, and expressing the unwillingness of the heirs to bear any expense of the litigation, but did not inform them of the new contract, a finding that the true consideration for the assignment was the promise of the defendant that he would do what was right by the heirs will not be disturbed where the evidence is conflicting; and the surviving partner must be held to such consideration if their interest in the litigation was assignable, and, if not, he must account as surviving partner, and, in either case, a judgment for the amount due under the original contract will be sustained.

APPEAL—LAW OF CASE—DEMURRER—TRIAL OF CASE.—A decision rendered upon demurrer to the complaint upon a former appeal is the law of the case upon a second appeal, taken after a trial of the case, where the facts are the same upon both appeals.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court, rendered upon the former appeal (*Little* v. *Caldwell*, 101 Cal. 555, 557, 558; 40 Am. St. Rep. 89), and in the opinion of the court upon this appeal.

*A. D. Mason,* and *F. J. Dennis,* for Appellant.

It is immaterial whether the five hundred dollar contract be considered as a modification of the fifteen per cent contract, or whether they are treated as two separate agreements. When the sixty per cent contract was made there was no other agreement still in force. (2 Parsons on Contracts, 4th ed., secs. 189–91; Anson on Contracts, 2d Am. ed., 341, 342; 3 Am. & Eng. Ency. of Law, 914, note.) The instrument assigning, transferring, and setting over to defendant all moneys recovered under the fifteen per cent contract amounted to a release. (*M'Crea* v. *Purmort,* 16 Wend. 474.) A division of the profits of a partnership, realized after dissolution, will not be decreed, unless the partnership business is continued with joint stock and on joint capital. (*Reybold* v. *Dodd,* 1 Harr. (Del.) 401; 26 Am. Dec. 401; 2 Bates on Partnership, 194; *Gleason* v. *White;* 34 Cal. 258; *Shorb* v. *Beaudry,* 56 Cal. 450; 3 Kent's Commentaries, 10th ed. 65, 73, 77; *Miller* v. *Brigham,* 50 Cal. 615; *Gray* v. *Palmer,* 9 Cal. 616; *McNeil* v. *Congregational Soc.,* 66 Cal 106; Story on Partnerships, secs. 99, 323, 343; Collyer on Partnerships, secs. 163, 540; 17 Am. & Eng. Ency. of Law, 1171.)

*J. M. Walling,* for Respondent.

When a firm dissolves by death, the survivor must settle and pay the representatives the same interest as if alive and dissolved by mutual consent. (*Andrews* v. *Brown,* 56 Am. Dec. 252; 5 Wait's Actions and Defenses, 143; Civ. Code, secs. 2410–13; Story on Partnership, secs. 182, 328, 329, 332, 343, 347; Parsons on Partnership, secs. 440, 443; *Berson* v. *Ewing,* 84 Cal. 89; Code Civ. Proc., sec. 1585; *Canfield* v. *Great Camp of Maccabees,* 24 Am. St. Rep. 186, note; *Childs* v. *Hyde,* 77 Am. Dec. 115, note; *Shields* v. *Fuller,* 65 Am. Dec. 297, note; *Little* v. *Caldwell,* 101 Cal. 553; 40 Am. St. Rep. 89; *Johnson* v. *Totten,* 3 Cal. 343; 58 Am. Dec. 412; 65 Am. Dec. 789; *Osment* v. *McElroth,* 68 Cal. 466; 58 Am. Rep. 17.)

HENSHAW, J.—Appeals from the judgment and order denying a new trial.

This cause was previously before the court upon appeal from the judgment after demurrer sustained to plaintiff's complaint. It will be found reported in *Little* v. *Caldwell*, 101 Cal. 553; 40 Am. St. Rep. 89. The opinion there set forth renders unnecessary any extended statement of facts.

By the original contract the firm of Caldwell & Little was to conduct the litigation to a final determination, paying all the expenses thereof, and, in the event of success, was to receive fifteen per cent of the estate that would fall to their clients. This contract was in writing. Thereafter the firm refused to defray the expenses of litigation, and a parol modification of the contract was agreed to whereby the clients were to pay five hundred dollars for such purpose. Of this sum they paid two hundred dollars. The firm then proceeded with the litigation, but, before further court proceedings were had, Little died. Caldwell then, without the knowledge of this plaintiff, entered in his own name into a contract with the clients whereunder he was to prosecute at his own cost all further litigation, and, in the event of final success, was to receive "forty-five per cent of the amount of said estate which may be decreed to them . . . . which amount is in addition to the amount of said estate agreed to be paid by them to Caldwell & Little by written agreement dated January 30, 1889."

Subsequently this plaintiff and her son, as heirs of Little, deceased, executed to defendant an assignment of all their rights in the Caldwell & Little contract, the assignment reciting a consideration of one dollar, and expressing the unwillingness of assignors to bear any of the expense of the litigation. The true consideration for the execution of this instrument was the promise of defendant to plaintiff that he, defendant, in the event of success "would do what was right by the plaintiff." Defendant carried the litigation to a successful issue.

and received the sum of twelve thousand six hundred and eighteen dollars and fifty cents, being the sixty per cent of the contract. ‚One-half of one-fourth thereof, or one-half of the fifteen per cent of the original contract, amounting to three thousand one hundred and fifty-four dollars and sixty cents, the court found to be due plaintiff, and rendered judgment accordingly.

The foregoing is a substantial summarization of the findings. We think that the court was justified in holding that the contracts were not separate, distinct, and independent agreements, each in turn made after agreed abandonment or rescission of the earlier contract. The later contracts were but modifications of the original. The consideration moving from the attorneys, that they were to prosecute to a conclusion the litigation in question, always remained; the terms of their compensation and risk in so doing alone were varied. And herein two circumstances are significant, and were doubtless considered so by the trial judge: 1. That the last written contract entered into by Caldwell, the surviving partner, does not stipulate for a flat consideration of sixty per cent, as would have been natural had the original contract been rescinded and abandoned, but provides for the payment of forty-five per cent "in addition to the amount agreed to be paid to Caldwell & Little by written agreement," etc. There is here a distinct recognition that the original contract is vital and operative. 2. If the original contract and its parol modification made during Little's life had been abrogated and rescinded, it would have been meaningless for defendant to have asked and obtained an assignment to himself of all of plaintiff's rights thereunder. The fact that the assignment was executed to and received by defendant at his request amounts well nigh to a demonstration that at that time one of the parties to the original fifteen per cent contract, defendant himself, believed that it was still in force.

The findings being justified in this regard, and the further finding as to the true consideration for the as-

signment having been determined, upon a conflict of evidence, in favor of plaintiff, leaves little to be said.

The facts found correspond so closely with those averred in the complaint, and discussed in the opinion in volume 101 of the reports, that the law there laid down has become the law of the case. It matters not, therefore, whether plaintiff's interest was assignable or not. The instrument purported to be an assignment, not a release. If an assignment was permissible, then defendant must be held for the consideration which the court found induced its making. If the interest was not assignable, then, as in the former opinion set forth, defendant is responsible as surviving partner. Under either construction the judgment was for an amount due.

The judgment and order appealed from are affirmed.

McFarland, J., and Garoutte, J., concurred.

Hearing in Bank denied.