[No. 18208.    Department Two.—March 12, 1894.]

M. E. LITTLE, APPELLANT, v. JOHN CALDWELL, RESPONDENT.

PARTNERSHIP—EMPLOYMENT OF ATTORNEYS—DEATH OF PARTNER—ELECTION OF CLIENT.—The employment of a firm of attorneys to conduct a litigation is so far for the personal services of all, that upon the death of one member of the firm the client may elect to consider the employment as terminated; but the option to declare the contract terminated for such a cause is with the client, and, if he does not do so, but is willing to intrust the survivor with the further management of the litigation in which the firm was employed, the survivor is bound to complete the unfinished contract for the benefit of the partnership, without compensation, unless otherwise agreed between the partners.

ID.—DUTY OF SURVIVING PARTNER—EXECUTORY CONTRACTS—COMPENSA-
TION.—A surviving partner must complete all executory contracts of the
firm which remain in force after the death of a partner, and must settle
the business of the partnership without charge against the partnership
for his personal services.

ID.—NEW CONTRACT—MODIFICATION—RIGHTS OF DECEASED PARTNER.—
A surviving partner cannot extinguish a contract belonging to the part-
nership by the substitution of a new contract relating to the same sub-
ject matter, in the profits of which he alone is to participate; and in
settling the accounts of the partnership, a court of equity will allow the
representatives of the deceased partner an equitable participation in
the profits realized from the new or substituted contract, which will be
regarded, so far as concerns the partnership, as only a modification of
the former contract.

ID.—PARTNERSHIP BETWEEN ATTORNEYS—RIGHTS OF SURVIVOR—GOOD
WILL—CONTINGENT FEE—ASSETS OF PARTNERSHIP.—When a partner-
ship between attorneys at law is dissolved by the death of one partner,
the survivor is entitled to his own future earnings and is not required
to make an allowance in the settlement of the partnership for the
goodwill of the partnership, or for the profits of future business in-
trusted to him by former clients of the firm; but a contract for a con-
tingent fee in an action which a client of the firm permits the surviving
partner to complete, must be viewed by a court of equity as an asset of
the partnership.

ID.—INCREASED COMPENSATION OF SURVIVING PARTNER—MODIFIED CON-
TRACT—SHARE OF DECEASED PARTNER.—Where the contract for such
contingent fee is modified after the death of the deceased partner, so as
to relieve the clients from some of its burdens, in consideration of which
the surviving partner is to receive an increased compensation in the
event of final success, the estate of the deceased partner is entitled to
share in the contingent fee to the extent given by the contract in its
original form, and the surviving partner will be permitted to retain the
increased compensation given in the modified contract, by reason of the
increased personal risk which he assumed.

ID.—ALLOWANCE FOR EXPENSES—COSTS ASSUMED BY SURVIVING PARTNER.
Where the surviving attorney has paid a sum to third parties for attor-
ney's fees in the prosecution of the action in which the contingent fee
was recovered, the partnership is properly chargeable with its propor-
tion of the sum thus paid; but the surviving partner is personally charge-
able with the costs of litigation assumed by him, in consideration of
which he becomes entitled to retain the increased compensation given
by the modified contract.

ID.—ACTION BY WIDOW OF DECEASED PARTNER.—The surviving partner
may be made accountable for the share of the estate of the deceased
partner in the contingent fee after it has been collected, at the suit of
the widow of the deceased partner, where no other action for the same
cause has been brought by the executor or administrator, and it appears
that the widow is entitled to the entire estate of her deceased husband.

APPEAL from a judgment of the Superior Court of
Nevada County.

The facts are stated in the opinion of the court.

*J. M. Walling*, for Appellant.

A surviving partner stands to the estate of a deceased partner as a trustee. (*Berson* v. *Ewing*, 84 Cal. 89; Code Civ. Proc., sec. 1585; note to *Canfield* v. *Great Camp of Maccabees*, 24 Am. St. Rep. 186; note to *Childs* v. *Hyde*, 77 Am. Dec. 115; note to *Shields* v. *Fuller*, 65 Am. Dec. 297.) A partnership continues after dissolution for the purpose of fulfilling previous engagements. (*Johnson* v. *Totten*, 3 Cal. 343; 58 Am. Dec. 412; note to *Western Stage Co.* v. *Walker*, 65 Am. Dec. 789; note to *Childs* v. *Hyde*, 77 Am. Dec. 115.) The law recognizes no distinction between a partnership between attorneys and other partnerships. (1 Wait's Actions and Defenses, 464; *Denver* v. *Roane*, 99 U. S. 476; *Brown* v. *McFarland's Exrs.*, 41 Pa. St. 129; 80 Am. Dec. 598; *Beatty* v. *Wray*, 57 Am. Dec. 677; *Osment* v. *McElrath*, 68 Cal. 466; 58 Am. Rep. 17.) It is the duty of the surviving partner to wind up the business, and the title to a chose in action vests in him. (Note to *Childs* v. *Hyde*, 77 Am. Dec. 115; note to *Shields* v. *Fuller*, 65 Am. Dec. 297, 298.) Each partner is entitled to a share of the contingent fees recovered after dissolution. (*Osment* v. *McElrath*, 68 Cal. 466; 58 Am. Rep. 17.) When a firm is dissolved by death, the survivor must settle and pay representatives the same interest as if alive and dissolved by mutual consent. (*Andrews* v. *Brown*, 56 Am. Dec. 252; 5 Wait's Actions and Defenses, 143, and cases cited.) A surviving partner is not entitled to compensation for winding up the business. (*Childs* v. *Hyde*, 77 Am. Dec. 115; *Denver* v. *Roane*, 99 U. S. 476; *Osment* v. *McElrath*, 68 Cal. 466; 58 Am. Rep. 17.) Yet in this case plaintiff allows compensation. As to general rights and duties of partners, see Civ. Code, secs. 2410–13; Story on Partnership, secs. 182, 328, and note, 329, 332, 343, 347.

*A. D. Mason*, for Respondent.

A division of profits realized after dissolution of the

partnership will not be decreed unless the business is continued with the joint stock and on joint capital. (*Reybold* v. *Dobb*, 1 Harr. (Del.) 401; 26 Am. Dec. 401.) And where assets, used in business of a partnership, belonged entirely to the surviving partner, and he continues in business after the death of his partner, he is not required to account to the administrator of the deceased partner for any of the profits arising from such business. (Bisset on Law of Partnerships, 61.) The failure of the heir claimants to furnish the necessary means to carry on the litigation placed it out of the power of the law firm to carry on the litigation, and operated as an extinguishment of the old agreement. (*Green* v. *Wells*, 2 Cal. 584; *Hallidie* v. *Sutter St. R. R. Co.*, 63 Cal. 575.) When there is no obligation on the part of one of the parties to it to comply with its conditions, it cannot be enforced against the other. (Story on Partnership, 317-22.) After the dissolution of the partnership, the surviving partner cannot contract new debts or make any obligation which would be binding upon the representatives of his deceased partner. (Story on Partnership, 323–43.) Death revokes the employment of a firm of attorneys. (*Johnson* v. *Wilcox*, 25 Ind. 184; 17 Am. & Eng. Ency. of Law, 1171.) Plaintiff is not the legal representative of the deceased partner and is not entitled to an accounting. (*Gleason* v. *White*, 34 Cal. 263; *Andrade* v. *Superior Court*, 75 Cal. 462.) If the claim is a chose in action it is personal property (Code Civ. Proc., sec. 17, subd. 3; Civ. Code, sec. 14, subd. 3), which could only be reduced to possession through suit brought by the legal representative of Little's estate. (Code Civ. Proc., secs. 1581 and 1582.)

DE HAVEN, J.—This is an appeal by the plaintiff from a judgment rendered in favor of the defendant. The superior court sustained a demurrer to the complaint, and this ruling is assigned as error, and presents the general question as to whether or not the matters alleged

in the complaint are sufficient to entitle the plaintiff to maintain the action.

The plaintiff is the widow of L. B. Little, deceased, and in this connection the complaint alleges, in substance, that at and prior to the death of said Little he and the defendant were partners engaged in the practice of the law, and that during the existence of such partnership they entered into an agreement with certain persons claiming to be the heirs of one William Westerfield, deceased, by which the partners undertook to render their legal services to said claimants in the prosecution of an action to be brought for the purpose of establishing the heirship of said claimants, and recovering for them the property of said estate. This agreement was in writing, and, by its terms, the said Little and the defendant were to receive, as compensation for their legal services, in the event of a successful termination of the contemplated action, fifteen per cent of the amount of the property that should be recovered, the said heir claimants to pay all the expenses of the litigation.

The complaint further alleges that, under this agreement, the said Little and defendant, "after performing all acts preparatory thereto," instituted an action in the superior court of Nevada county for the purpose of having the said claimants adjudged to be the lawful and only heirs of William Westerfield, deceased, which action was tried and resulted in a judgment of the superior court adverse to such claimants, and thereupon the deceased, Little, and the defendant proceeded to perfect an appeal to this court from such judgment, pending which appeal and upon March 2, 1890, the said Little died. The complaint then proceeds to allege that, after the death of Little, the plaintiff assigned to defendant her interest in the contract referred to, in consideration of his promise to pay her "what was right for her interest in the same," in the event of a recovery of the property for the claimants named in the contract; and, "thereafter, said heir claimants, finding it difficult to

procure sufficient funds with which to further prosecute said action and proceedings to recover said property, and still desiring to prosecute the same, paid to defendant the sum of two hundred dollars in part payment of said expenses, and then and there entered into an additional contract and agreement with said defendant, by the terms of which . . . . defendant was to furnish the balance of the money requisite to pay the expenses of such further proceedings in court, or otherwise, as might become necessary to recover said property of said William Westerfield, deceased, for said heir claimants"; and to receive therefor sixty per cent of the amount recovered, instead of fifteen per cent, as provided in the original contract; . . . . and "thereafter, such proceedings were taken and had by said defendant, under said contracts, that said claimants were adjudged to be the sole heirs of said William Westerfield, deceased," and the defendant received from such claimants the full compensation provided for in the additional or modified contract, amounting to the net sum of twelve thousand dollars, but refused to allow or account to the plaintiff for any greater sum than one hundred dollars.

The prayer of the complaint is for an accounting, and that plaintiff have judgment against defendant for the sum of five thousand nine hundred dollars.

We do not regard the averment that plaintiff assigned to defendant her interest in the original contract for the contingent fee in consideration of his promise to pay her what was right for such interest in the event of the final recovery of the property to which the contract related, as adding any strength to the other averments. If that contract did not survive the death of Little, and nothing had then been earned under it, the plaintiff, as the successor to his estate, had no interest in the contract to assign.

But aside from this consideration, the promise of defendant, as alleged, was in effect only a promise to pay, upon a settlement of the business growing out of the contract, the amount to which she would be entitled as

the successor of the deceased partner, and the question
of the nature or value of that interest is to be determined
upon the general principles underlying the law of part-
nership, and if under such general rules the estate of
the deceased partner would have no right to any por-
tion of the contingent fee earned under the circum-
stances stated in the complaint the plaintiff ought not
to recover.

It is urged here in behalf of defendant, and in support
of the judgment of the superior court, that when Little
died nothing had been earned under the contract made
by the firm of Little and Caldwell with the heirs of
the Westerfield estate, and that as the contract was one
for the personal services of both defendant and Little, it
terminated upon the death of the latter, and was in fact
superseded by the subsequent agreement by which the
defendant himself undertook to perform the legal serv-
ices in the action then pending for the recovery of
the Westerfield estate, for the clients named in the
original contract, and also to bear all the costs attend-
ing the litigation; and it is further contended that the
fee in controversy was the result of the latter contract
in which the estate of Little has no interest.

It may be conceded that when a firm of attorneys is
employed to conduct litigation, the client contracts for
the services of all the members of the firm; and, while
perhaps the spirit of such a contract does not require
that all the partners shall personally participate in
all the steps of the trial, if in their judgment it is
not necessary so to do (*Eggleston* v. *Boardman*, 37
Mich. 14; *Phillips* v. *Edsall*, 127 Ill. 535), still such a
contract is one so far for the personal services of all,
that, upon the death of one member of the firm, the
client may elect to consider the employment as ter-
minated. (*Wright* v. *McCampbell*, 75 Tex. 644; *McGill*
v. *McGill*, 2 Met. (Ky.) 258.) This would be the rule in
controversies between the client and surviving members
of the firm, where such election was properly made by
the client; but the option to declare the contract ter-

minated for such a cause is with the client, and if he does not do so, but is willing to intrust the survivor with the further management of the litigation in which the firm was employed, the survivor is bound to complete the unfinished contract for the benefit of the partnership, and unless it was otherwise agreed upon between the partners, he would not be entitled to compensation from the partnership, or from the estate of the deceased partner for his services in doing so. The rule is well settled in regard to commercial partnerships, that the surviving partner must complete all executory contracts of a firm which remain in force after the death of a partner, and must settle the business of the partnership without charge against the partnership for his personal services, and in the case of *Denver* v. *Roane*, 99 U. S. 359, it was said that none of the adjudicated cases recognize any distinction in this respect between such partnerships and those entered into between attorneys for the practice of their profession. And we know of no such distinction.

This obligation of the surviving partner is one of the risks assumed by him in entering into the partnership, unless otherwise specially agreed. In the discharge of this obligation or duty in relation to the unsettled and unfinished business of the firm, the surviving partner occupies the position of a trustee, and, while he may compromise disputed claims, or modify an existing contract by releasing the other party thereto from some of its obligations, when in the exercise of an honest judgment the best interest of the partnership seems to him to require such action, still, in doing so, he cannot be permitted to make gain for himself at the expense of the estate of the deceased partner, by consenting to the extinguishment of a contract belonging to the partnership, and the substitution therefor of another relating to the same subject matter, and in the profits of which he alone is to participate. Whatever may be the effect of such new or substituted contract as between the immediate parties to it, a court of equity in settling the ac-

counts of the partnership will not treat it as an entire extinguishment of the original contract, or deny the right of the representatives of the deceased partner to an equitable participation in the profits realized from the latter contract, and which may be regarded, so far as concerns the partnership, as only a modification of the former contract. This rule is particularly applicable in the settlement of the partnership accounts of attorneys at law, when the firm has been dissolved by the death of one member leaving contracts not fully performed, often constituting a large part of the assets of the partnership, and which it is the duty of the survivor as far as possible to complete and preserve for the benefit of the firm.

While it is certainly true when a professional partnership between attorneys at law is dissolved by the death of one, the survivor is entitled to his own future earnings, and is not required to make an allowance in the settlement of the partnership accounts for what may be termed the goodwill of the partnership, or for the profits of such future business as may have been given to him by former clients of the firm, still, in regard to unfinished business intrusted to the firm, and which the client permits the surviving partner to complete, such contract of employment, although not capable of assignment, is still to be viewed by a court of equity as an asset of the partnership ; and it is none the less an equitable asset, when, as in this case, the compensation for such services is entirely contingent upon the final success of the litigation in which the services are to be rendered.

Applying the foregoing general principles to the facts of this case as stated in the complaint we have no difficulty in reaching the conclusion that the plaintiff is entitled to recover. The contract by which Little and defendant were employed to conduct the litigation referred to in the complaint did not *ipso facto* become extinguished upon the death of Little; the persons with whom it was made did not refuse to permit the defend-

CI. CAL.—36

ant to complete it because death had deprived them of the personal services of his deceased partner, but they desired for other reasons to modify it in such a manner as to relieve themselves from some of its burdens, and, in consideration of the assumption of such burdens by defendant, offered him an increased compensation in the event of final success; and when the defendant consented to this modification of the contract, the right of the estate of the deceased partner to share in the contingent fee to the extent given by the contract in its original form was not extinguished. The defendant was at liberty to consent to this modification, and, as the partnership loses no rights thereby, no principle of equity will be violated by permitting him to retain the increased compensation given in the modified contract by reason of the increased personal risk which he assumed.

It follows from these views that upon the facts, as stated in the complaint, the plaintiff is entitled to recover. one-half of the fifteen per cent provided for in the original contract, after deducting all proper expenses chargeable to the partnership in the matter of conducting the litigation.

The complaint alleges that the defendant has paid the sum of two thousand five hundred dollars as attorney's fees in the prosecution of the action in which the contingent fee was recovered. If this be so, the partnership is properly chargeable with its proportion of the sum thus paid, viz., one-fourth, but the defendant is personally chargeable with the costs of the litigation assumed by him, and in consideration of which he is entitled to retain the increased compensation of forty-five per cent given by the modified contract.

The further contention of respondent that under section 1585 of the Code of Civil Procedure the defendant cannot be required to account to the plaintiff, but only to the executor or administrator of his deceased partner, cannot be sustained. It does not appear that any other

action for the same cause has been brought by the executor or administrator, and as the plaintiff, under the allegations of the complaint, is entitled to the entire estate of her deceased husband, she certainly has such an interest in the subject matter as entitles her to maintain the action.

Judgment reversed, with directions to the superior court to overrule the demurrer to the complaint.

McFARLAND, J., and FITZGERALD, J., concurred.