(March 26, 1907.)

## JAMES H. VAN CAMP et al., Respondents, v. G. W. EMERY, Administrator, Appellant.

[89 Pac. 752.]

STATEMENT ON MOTION FOR NEW TRIAL—WHEN FILED—MOTION FOR NEW TRIAL PASSED UPON BY JUDGE WHO DID NOT TRY THE CASE—RULE IN SUCH CASE AS TO CONFLICT OF EVIDENCE—IRRIGATION—PRIORITY OF APPROPRIATION AND USE OF WATERS—INJUNCTIVE AID OF COURT TO PROTECT RIGHT.

1. Where a statement on motion for new trial appears to have been filed several months after the date of settlement of the same, and objection is made to the use of such statement on motion for new trial, on the ground that it was not filed immediately after its settlement, such objection will be properly overruled where it is not accompanied by some showing of fraud or misconduct on the part of the party who seeks to have it used and considered on such motion, or that the failure to file has been knowingly and intentionally caused by the adverse party.

2. Where a certificate of the judge in settling a statement on motion for new trial recites that the statement "contains all the evidence introduced or considered herein," the statement will be treated on appeal as containing all the evidence in the case, although it may appear from some part of the record that some documentary evidence used on the hearing has been omitted therefrom, and in such case the appellate court will presume that such document or other evidence as has been omitted was treated as immaterial and of no consequence, both by the trial judge and the respective parties to the action.

3. Where a motion for a new trial is heard and passed upon by a judge who did not preside at the trial of the case, and an appeal is taken from the order granting a new trial, the appellate court will review the evidence with reference to its weight and preponderance in the same manner and under the same rule as would apply to the trial judge who passed upon the motion.

4. A prior appropriator of the water of a stream may divert and use the amount of water to which he is legally entitled, but when he has once done so, he may not dam the stream below him, or hinder or impede the flow of the remaining waters of the stream to the headgate of the next appropriator.

5. The fact that a stream in its original native condition was dammed so as to cause the waters to percolate through and sub-

irrigate adjacent meadow lands will not of itself justify the owner of such lands in maintaining the stream dammed in such condition to the injury of other appropriators, but may, on the other hand, be sufficient to initiate a right for a quantity of the waters of such stream adequate for the surface irrigation of the lands previously so subirrigated therefrom.

6. The appropriators and users of the waters within this state will be required and commanded to so divert, use and apply the waters as to secure the largest duty and greatest service therefrom.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Custer County.

Motion for a new trial heard before Hon. Geo. H. Stewart. Judge of the Third Judicial District at Boise, Ada County.

Action to determine the priorities to the use of the waters of Warm Springs creek, Custer county. Judgment and decree determining the several rights of the parties. Plaintiff moved for a new trial and the motion was granted and defendant appealed from the order. *Order granting a new trial affirmed.*

L. H. Johnson and Perky & Blaine, for Appellant.

The statement on motion for new trial was not filed with the clerk of the court as required by law. The statement was settled on October 7, 1902, and again on December 31, 1902, and was not filed with the clerk until May, 1903.

"When settled, the statement shall be signed by the judge or referee, with his certificate to the effect that the same is allowed, and shall then be filed with the clerk." (Rev. Stats. 4441, subd. 3.) "Then" does not mean four months afterward. Webster defines "then" as follows: At that time, referring to a time specified, either past or present. Soon afterward; immediately.

If it can be lost for four months and still be efficient as a valid statement without being identified as the original, then why not for a year or four years?

It does not contain that which the certificate of the judge says it contained at the time he made the settlement. The certificate was not attached to this particular statement for several months after the certificate was made. No one gives any account of its whereabouts during said months; the attorneys then having it in charge are dead, and it is not a complete and full statement of the evidence. (*Stickney v. Hanrahan,* 7 Idaho, 424, 428, 63 Pac. 189.)

On application for a new trial it must appear that substantial justice has not been attained, that the applicant is entitled to succeed, and that a new trial will probably change the result. (14 Ency. of Pl. & Pr. 774, 934.)

It cannot be seriously contended that the appellant is not entitled, under the evidence, to the forty-five inches of water decreed him.

The general rule that an order granting a new trial will not be reversed on appeal unless there has been a manifest abuse of discretion, is invoked only in behalf of the judge who sat at the trial of the case on its merits. But the judge who granted this motion for a new trial was not present at the trial of the case, and knows nothing of the character or conduct of the witnesses.

His decision must stand or fall upon its merit without being tempered by the "abuse of discretion" rule. (*Roby v. Roby,* 10 Idaho, 139, 77 Pac. 213; *Houghley v. Wabasha,* 69 Minn. 245, 72 N. W. 78; *Minneapolis First Nat Bank v. St. Cloud,* 73 Minn. 219, 75 N. W. 1054.)

N. H. Clark, for Respondents.

The record as shown by the certificate of the judge shows that statement was settled without objection.

The statute does not give a definite number of days for filing the statement. In *Reay v. Butler,* 69 Cal. 572, 11 Pac. 463, the supreme court in discussing the question says: "It is said that the bill was not filed until more than six months after it was allowed by the judge; we do not consider this a reason why it should be disregarded. . . . . The delay in

filing after settlement does not authorize this court to disregard it."

On December 31, 1902, the learned judge certifies that the statement contains all the evidence, which certificate he makes as the judge of the court; which certificate is acquiesced in by all the counsel for all the parties for a period of about three years, and to-day, as counsel for the defendants, he certifies that it does not contain the evidence. Which certificate should be taken?

Defendant Treloar testifies it would take forty-five inches of water to irrigate his farm after plaintiff spaded out the stream, for which he gets judgment; he then gets this injunction giving him back the stream as it was. Whatever he gets by seepage, percolation and overflow is what he got in the early days undisputed, and this only.

AILSHIE, C. J.—This action was originally commenced in the district court in and for Custer county in the year 1898, to determine the rights and priorities of the plaintiffs in and to the waters of Warm Springs creek within that county. Issue was thereafter joined and a stipulation was filed by counsel, whereby judgment was authorized in favor of the plaintiffs and was thereafter accordingly entered. On the twenty-second day of June, 1898, the defendant, having in the meanwhile discharged his former counsel and employed other counsel, began proceedings to have the judgment set aside and vacated. After a hearing, Hon. C. O. Stockslager, then judge of the fourth judicial district, granted the application and set aside the judgment. The case appears to have then taken a long rest until 1901, when it was again tried, but findings and judgment were not made and entered until June 24, 1902. A motion for a new trial was thereafter made and a statement to be used on motion for a new trial was prepared, served and thereafter settled. The case was then transferred to the judge of the third judicial district for hearing upon the motion for a new trial, and on the sixth day of January, 1906, an order was duly made granting a new trial, and this appeal is from that order.

The only question involved in the litigation is the right to the use of the waters of Warm Springs creek in Custer county. The plaintiffs, Van Camp and Rogers, claim a prior right to the use of the entire volume of water flowing in that stream, and claim their right should date from the year 1877. On the other hand, the defendant claims the prior right to a large portion of the waters of the same stream. This case has back of it a somewhat lengthy and dreary history. It seems that the attorneys first employed by defendant were soon thereafter discharged by him. Since that time three attorneys who have been employed in the case and appeared in various stages of the proceedings have died. The case has been before four different trial judges, and when it appears in this court, its identity is really seriously questioned. In other words, counsel has insisted with considerable earnestness that the statement appearing in the record is not the statement that was settled in this case.

Our examination of the entire record and the briefs and arguments of counsel satisfies us that the case does not demand any lengthy or extensive consideration in this opinion. We will, therefore, briefly mention the leading questions presented and announce our views thereon.

It is first insisted by counsel for appellant that the statement on motion for a new trial should not have been considered by the court on the motion for new trial, for the reason that it had not been filed for some four to six months after it was settled and allowed. The statement bears two dates of settlement; first, October 7, 1902, and, second, December 31, 1902. This statement does not appear to have been filed until April 22, 1903. There is nothing disclosed in the record that would have justified the court in rejecting the statement, although not filed for several months after settlement. (*Reay v. Butler*, 69 Cal. 572, 11 Pac. 463.) It is the duty of the party preparing a statement to serve the same on the adverse party, and in due time it must be "presented to the judge who tried or heard the case for settlement, or be delivered to the clerk of the court for the judge." (Rev. Stats., secs. 4430, 4441.) When settled, it

becomes the duty of the judge to deliver it to the clerk and cause it to be filed. Where a statement has been settled but shows no filing mark, the fault would, on first impression, appear to be that of the clerk. It is clearly not proper for either the judge or the clerk to allow counsel or anyone else to take possession of a settled statement until it has first been filed, and then only under such rules and regulations as are adopted by the court in such cases.

It is argued here, however, that the statement clearly fails to contain all the evidence introduced in the case, and for that reason alone it should not have been considered for the purpose of passing on the sufficiency of the evidence to sustain the findings and judgment. It is true that it does appear that some documentary evidence was introduced that is not contained in the record or brought up, but it is also true that the judge in settling the statement certified that it is "correct and contains all the evidence introduced or considered herein." With this certificate from the judge and counsel on both sides chargeable with knowledge thereof, we must assume that whatever was left out was unimportant and immaterial, and in no way influenced the decision of the trial judge.

On the question of reviewing the action of the judge of the third district in granting a new trial, counsel for appellant urge that under the rule heretofore considered and announced by this court in *Roby v. Roby,* 10 Idaho, 139, 71 Pac. 213, we should review and weigh all the evidence contained in the record, the same as if the case were here in the first instance for determination on the weight and preponderance of the evidence.

It will be remembered that the judge who heard the motion and granted a new trial did so entirely on the evidence as it appeared in the statement of the case; the trial had not taken place before him, and he had not seen nor heard any of the witnesses while testifying. In this condition of the case, we agree with counsel that it becomes our duty to examine and weigh the evidence the same as the *nisi prius* court should do.

This case has been pending a long while, and should in the course of time be disposed of and the rights of the parties litigant be determined and settled, but such has not been done, and in the meanwhile the rights and interests involved are continuing privileges, which are yearly growing more valuable, and when once finally judicially determined, that adjudication should rest on a somewhat clearer and more comprehensible presentation of facts than is to be found in the record before us. But aside from, and over and above the uncertainty and difficulty of deciding the case upon this record, it is self-evident that both parties to the action are alike entitled to the injunctive and restraining aid of the court to protect them in the use and enjoyment of the priorities and rights decreed them. Whatever may be decreed to either party, the other is clearly entitled to have the amount of water left for him flow in an unobstructed manner to his headgate, and for such purpose may clear or repair the channel or ditch until it will do so.

If the defendant who lives above plaintiff is entitled to a priority for forty-five inches of water, he may unquestionably divert that quantity, but when he has once done so, he may not dam the stream below or hinder or impede the flow of the remaining stream to the plaintiff's headgate. The fact that such dams and impediments hold the water and cause a subirrigation of the adjacent meadows cannot of itself justify the maintenance of such obstructions. Whatever amount of water defendant shows himself entitled to for the irrigation of his meadows or other lands as a prior right over the plaintiff, the judgment should so decree, but beyond that he cannot go under any other pretext or claims for the natural condition of the stream.

In this arid country where the largest duty and the greatest use must be had from every inch of water in the interest of agriculture and home-building, it will not do to say that a stream may be dammed so as to cause subirrigation of a few acres at a loss of enough water to surface-irrigate ten times as much by proper application.

We think this case should properly be retried, and we hope it may be done speedily, and since a new trial must be had, we will not review the evidence or express our view as to the weight and preponderance thereof more than to say that we think a new trial was properly granted by the trial court.

The order granting a new trial is affirmed. Costs awarded in favor of respondents.

Sullivan, J., concurs.