(September 30, 1913.)

EMMA JONES, Administratrix of the Estate of FRANCIS C. JONES, Respondent, v. JOHN MARSHALL, Appellant.

[135 Pac. 841.]

PARTNERSHIP—DUTIES OF SURVIVING PARTNER—COMPENSATION TO SURVIVING PARTNER—EVIDENCE.

1. The rule adopted in this state that where a case has been heard in the trial court wholly upon depositions and documentary evidence, and no witnesses appeared and testified, the appellate court will examine and weigh the evidence for the purpose of determining the preponderance thereof, will not be applied in any case where witnesses have appeared and testified before the trial court, although the greater part of the case was heard on depositions and documentary evidence.

2. Evidence in this case examined and *held* sufficient to support the findings and judgment.

3. The general rule of law that the surviving partner is not entitled to a salary or compensation for managing and settling up the partnership business is subject to some exception in a case where the partnership consisted of persons engaged in professional employment, such as attorneys at law, and where the firm had contracted to perform certain services and had collected the compensation therefor, or where litigation is necessary for the protection of fees earned or of property belonging to the partnership.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action by the administratrix of the estate of a deceased partner against the surviving party for an accounting and

settlement of the affairs of the partnership, and for judgment and decree for the amount due the estate.   Judgment for the plaintiff.   *Affirmed.*

G. H. Martin, for Appellant.

A surviving partner is entitled to charge for expenses and services in carrying on firm litigation.   (30 Cyc. 697; *Sterne v. Goep,* 20 Hun, 396; *Newell v. Humphrey,* 37 Vt. 365; *Congdon v. Callahan,* 115 Tenn. 285, 112 Am. St. 833, 89 S. W. 400, 1 L. R. A., N. S., 643, 5 Ann. Cas. 659; *Converse v. Hobbs,* 64 N. H. 42, 5 Atl. 832; *Lamb v. Wilson,* 3 Neb. (Unof.) 496, 92 N. W. 168; *Little v. Caldwell,* 101 Cal. 553, 40 Am. St. 89, 36 Pac. 107–109; *Bufford v. Ashcroft,* 72 Tex. 104, 10 S. W. 346; *Brownell v. Steere,* 128 Ill. 209, 21 N. E. 3.)

A distinction should be made between such a case as this and the case of ordinary commercial partnerships.   Where the earnings are the result of professional skill and labor, a different rule as to compensation to the surviving partner should be adopted than in a case of a commercial partnership.   (*Sterne v. Goep, supra; Lamb v. Wilson, supra; Justice v. Lairy,* 19 Ind. App. 272, 65 Am. St. 405, 49 N. E. 459.)

"There is a disinclination to allow pay to a surviving partner for winding up; but the tendency is to deal with such cases on the particular circumstances rather than by absolute rules."   (*Thayer v. Badger,* 171 Mass. 279, 50 N. E. 541.)

A surviving partner will be entitled to contribution for the reasonable expenses of the litigation as part of the expenses of winding up the partnership affairs.   (22 Am. & Eng. Ency. Law, 226; *Lee v. Dolan,* 39 N. J. Eq. 193.)

The partnership with all its incidents is held to continue for the purpose of settling the partnership affairs and until that is effected.   (22 Am. & Eng. Ency. Law, 211; 30 Cyc. 659; *Am. Bonding Co. v. State,* 40 Ind. App. 559, 82 N. E. 548.)

E. W. Wheelan, for Respondent.

Only a small portion of the testimony was taken before Judge Flynn, who finally decided the case, pursuant to the

stipulation entered into between the parties. It has been held that in such cases this court will consider all the testimony, and make its own findings of fact, conclusions of law, and judgment. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 312; *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.)

While the general rule is that the surviving partner is not entitled to a salary or compensation for managing and settling up the partnership business, it has its exceptions when a partnership has been carried on for some time after a dissolution by death and such continuance has proved to be beneficial. (*McElroy v. Whitney,* 12 Ida. 512, 88 Pac. 349; 22 Am. & Eng. Ency. of Law, 220–226.)

AILSHIE, C. J.—This action was brought by the plaintiff, as administratrix of the estate of Francis C. Jones, against John Marshall, as surviving partner of the law firm of Jones & Marshall. This firm had been in the practice of the law at Sandpoint, and upon the death of the partner Jones, the survivor Marshall was left with a large law business, consisting of general litigation, collections, insurance, and a considerable amount of real and personal property which had been acquired as fees in the law business and which was at the time partnership property. The action was for general accounting and settlement.

It appears that Jones died on January 8, 1907, and this action was commenced on the 25th of October, 1907. The case never reached final judgment, however, until the 17th of July, 1912. It appears that after the issues were formed, the case was referred to a referee to take testimony and report the same, together with findings, to the court. This was done, and after the report was made further evidence was taken before Hon. R. N. Dunn, one of the judges of the eighth district. For some reason the case was not yet finally submitted, and subsequently by stipulation the evidence which had been

taken before Judge Dunn was extended, and further oral testimony was submitted before Judge Flynn and other depositions were taken, and the whole case was at last submitted to Judge Flynn, who considered the evidence taken before the referee, the depositions, the evidence which had been submitted before Judge Dunn, and the evidence which was submitted in his own court before him personally, and he thereupon made findings of fact and conclusions of law and entered the judgment from which this appeal is taken.

The trial court made separate findings on each disputed item, either allowing or rejecting the same or reducing it, as the justice of the case appeared to him. After considering the whole matter, he found that the defendant was indebted to the plaintiff as administratrix of the estate of her deceased husband in the sum of $3,118.70, and entered judgment accordingly. The defendant has appealed from the judgment and has brought up the evidence only which deals with the particular items which he contends were either improperly allowed or rejected.

In the first place, it has been suggested that under the rule announced by this court in *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213, and followed in *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938, *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054, *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752, *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7, and *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8, it is our duty to examine and weigh the evidence in this case as though it were being originally tried before this court. The fact that oral testimony was introduced before Judge Flynn who rendered the decree in this case is a sufficient and complete answer to the contention made in this respect. This court has never departed from the rule that it will not disturb a judgment entered upon conflicting evidence where any part of the evidence has been given by the witnesses in person before the trial court. The rule applied in the foregoing cases applies only to a case where no witnesses were produced before the trial court or where the whole case was submitted on depositions, report of referee, or documentary evidence, and no wit-

nesses appeared and testified before the court. We are governed, therefore, in this case by the general rule governing this court in cases of conflicting evidence.

The record that is presented to us here is voluminous, containing evidence bearing on a great number and variety of items of debit and credit. Our examination and consideration of the errors urged in appellant's brief and the evidence introduced touching the matters complained of convinces us that we would not be justified in disturbing the findings of the trial court or reversing or modifying the judgment and decree entered thereon. There are some items referred to on which we might arrive at a different conclusion from that reached by the trial court if we were considering them as a court of original jurisdiction; but, taking the record as a whole, upon the whole account as it is presented here, we are strongly persuaded that the trial court reached an equitable and just conclusion in the case and that the judgment ought to be affirmed. In this connection we may here observe that in considering this case and reaching the conclusion above announced, we have considered it in the light of the law as the rule is contended for by appellant with reference to the right of a surviving partner of a law firm to compensation for closing up pending litigation for which fees have been collected and in prosecuting claims for the collection or protection of fees that had been partially or wholly earned. This principle of law was at least recognized in *McElroy v. Whitney*, 12 Ida. 512, 88 Pac. 349. The statute of this state, sec. 5554, Rev. Codes, makes it the duty of the surviving partner to settle the business and affairs of the partnership without delay, and account with the executor or administrator and pay over such balance as may from time to time be payable. Under this statute, it was said in the Whitney case, that the "surviving partner is not entitled to compensation for collecting the assets and winding up the firm business, as a general rule, in the absence of express agreement to that effect." The same language is used in 22 Am. & Eng. Ency. of Law, at page 220, and the text-writer adds the following: "There are, however, exceptions to this rule in modern adjudications. When a part-

nership has been carried on for some time after dissolution by death and such continuance has proved to be beneficial, it has been held that the surviving partner should be allowed to take compensation for his services to be deducted from the profits before they are divided."

In *Lamb v. Wilson*, 3 Neb. (Unof.) 496, 92 N. W. 167, the question arose as to the right of one of the partners of a law firm to collect compensation for completing certain firm litigation. After holding that, where the surviving partner has by his labor and skill added increased profits to the business, he ought to have a reasonable compensation therefor, the court said: "While few cases are found which directly support this view, it seems to us to be founded upon the plainest principles of equity and justice, especially when applied to partnerships among professional men, where the profits are almost wholly the result of professional skill and labor."

The supreme court of the United States in *Denver v. Roane*, 99 U. S. 355, 25 L. ed. 476, after announcing the general principle applicable to cases of winding up the partnership business, said: "There may possibly be some reason for applying a different rule to cases of winding up partnerships between lawyers and other professional men where the profits of the concern are the result solely of professional skill and labor."

We believe that the suggestions made in the foregoing authorities are sound, and in cases of partnership among persons engaged in professional employment, an exception should be made to the general rule to the extent of allowing reasonable compensation for the extra services necessary to complete and carry out a contract or close employment already undertaken. We have not been unmindful of this rule in the present case. Under the circumstances of this case, we think the trial court allowed appellant all that he was justly entitled to receive.

In addition to the great mass of evidence contained in the record in this case, counsel have furnished us with exhaustive briefs in which they have taken up various assignments of error and discussed the evidence in connection therewith. We have given all the questions presented our careful consideration, but it would be of no use for us to include a discussion of

these various assignments in this opinion. They are practically all questions of fact.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan, J., concurs.

STEWART, J., Dissenting.—I dissent in the statement of the case and the consideration of the same, and in the conclusion of the majority opinion. I am inclined to think that the majority opinion has failed to give proper consideration to the pleadings and evidence, and the court's findings upon the questions involved upon this appeal and assigned as errors of the trial court, and which are specifically discussed both upon the facts and the law by counsel for appellant.

Counsel for appellant has assigned as error the court's findings upon specific sums claimed to have been due for services and expenses of Marshall and for money laid out and expended by him in settling up the partnership of Jones & Marshall. These particular services were performed by Marshall as surviving partner of the law firm of Jones & Marshall. The majority opinion seems to have determined the allowance of these claims without pointing out or discussing the evidence supporting or showing that such services were not performed or that Marshall was not entitled to compensation for money paid out and for expenses, and I feel it necessary to recite the material allegations in the pleadings and likewise to refer to the extent and general character of the findings of the trial court and the final conclusion of the trial court as to the amount for which the appellant was liable.

This action was brought by plaintiff, as administratrix of the estate of Francis C. Jones, against John Marshall, as surviving partner of the firm of Jones & Marshall, who as partners were engaged in the practice of law at Sandpoint, Idaho. The complainant alleges the copartnership, the death of Francis C. Jones, the appointment of the plaintiff as administratrix, and prays for an accounting and settlement of the partnership business.

The complaint in detail alleges that certain real estate known as the timber claim and certain lots of the West End Addition C to Sandpoint were owned personally and separately by Francis C. Jones; it is also alleged that Jones was the owner, and that the copartnership had no interest in certain real estate mortgages, specifying: (a) A mortgage of $216 given to Jones by Van Stone; (b) A mortgage of $250 given by Jones to Welch; (c) A mortgage for $250 given to Jones by Matthews; (d) A mortgage for $232.50 given to Jones by Walker; (e) A mortgage for $200 given to Jones by Lombard; (f) A mortgage for $1,705 given to Jones by Moon; (g) A mortgage for $350 given to Jones by Peterson; also that at the time of Jones' death Jones held contract for the purchase of certain real estate, and that the copartnership had no interest therein, which contracts were for conveyances of lots in Weil's Third Addition to Sandpoint. It is also alleged that Jones & Marshall at the time of Jones' death owned the following property: (a and b) Lots in Weil's Addition to Sandpoint; (c) Southwest quarter of 32–58–1 W.; (d) East half northeast quarter and east half southeast quarter 32–58–1 W.; also that the firm of Jones & Marshall on the 8th of January, 1907, was possessed of a law library and office fixtures and furniture of the alleged value of $5,000, and accounts and bills receivable of the alleged value of $6,000 and a large amount of personal property.

It is also alleged that certain deeds and assignments purporting to be signed by Jones were not signed by him but were fraudulently procured by the defendant and fraudulently placed of record, and that the defendant has taken possession of all the personal property of the partnership, and although required by the probate court to account therefor, has not accounted therefor, but has converted the same to his own use and neglected and refused to pay the debts of the firm, and that such acts were done and performed for the purpose of defrauding the estate of Jones of his portion of the copartnership property of Jones & Marshall.

The plaintiff asks in her complaint that the alleged fraudulent transfers of property be set aside and adjudged void and

canceled, and that the defendant be adjudged not to have any interest therein, and that he be compelled to account with the plaintiff as to his dealings with the partnership since the formation thereof and since the death of Jones; and that the plaintiff have judgment for the amount found to be due.

The answer of the defendant admits the forming of the partnership between Jones & Marshall on January 14, 1904, and that such partnership was dissolved by the death of Jones on January 8, 1907; the answer also denies all fraudulent acts charged to defendant in plaintiff's complaint, and denies he has converted any of the firm's funds to his own use, and denies that he has improperly, wrongfully or illegally acted in connection with the partnership business, and affirms that the property claimed to be individual property of Jones belongs to the firm; and denies that he has refused to account or that he has made false, fraudulent and misleading reports of the condition of the estate of the firm of Jones & Marshall, or that he has done any fraudulent, negligent, illegal, wrongful or improper acts in connection with the firm's property, and denies all other material allegations of the complaint. In addition to the denials the answer sets forth a counterclaim of $176.55 against the plaintiff's claim.

The court made findings and rendered judgment for the respondent in the sum of $3,118.70, with interest at the rate of seven per cent, and that said sum be a lien upon the interest of the defendant in the real estate of the firm of Jones & Marshall. A motion for a new trial was made and overruled. This appeal is from the order of the court overruling the motion for a new trial.

The appellant makes fifty assignments of error. In the appellant's brief and in the oral argument of counsel for appellant it is admitted that many of the issues raised by the pleadings had been determined by the decree of the district court satisfactorily to both parties, and the same had not been challenged in any manner, and are not material to the determination of the issues on this appeal, and that only controverted items where the findings and judgment were adverse to defendant are discussed in the brief, and in view of

this admission the appeal will be discussed upon the errors to which the briefs of both parties are directed.

Sec. 5554, Rev. Codes, provides: "When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator, and pay over such balances as may from time to time be payable to him, in right of the decedent. Upon the application of the executor or administrator, the probate judge may, whenever necessary, order the surviving partner to render an account, and in case of neglect or refusal may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained."

It is the general rule of law that the surviving partner is entitled to no compensation in the way of salary as a surviving partner for managing partnership business, and this rule has been approved by this court in the case of *McElroy v. Whitney*, 12 Ida. 512, 88 Pac. 349. In the opinion in the foregoing case this court approves the language in Am. & Eng. Ency. Law, vol. 22, pp. 220–226: "The surviving partner is not entitled to compensation for collecting the assets and winding up the firm business, as a general rule, in the absence of express agreement to that effect. There are, however, exceptions to this rule in modern adjudications. When a partnership has been carried on for some time after dissolution by death and such continuance has proved to be beneficial, it has been held that the surviving partner should be allowed to take compensation for his services to be deducted from the profits before they are divided."

This rule is very clearly discussed in the case of *Lamb v. Wilson*, 3 Neb. (Unof.) 496, 92 N. W. 167, which clearly states the rule of law applicable to the facts in the present case. In that case the partnership was a partnership in the practice of

law, the same as the present case, and the court in that case quotes the case of *Schenkl v. Dana,* 118 Mass. 236.

Under the general rule above stated, all that can be required of the surviving partner is that he should proceed to wind up the partnership account with the legal representatives of the deceased partner. In the absence of any agreement he is entitled to no compensation for his personal services in the strict discharge of his duty, but if the necessities require, he may employ extra labor to furnish existing contracts, and may enter upon new contracts employing the machinery necessary to protect the property of the firm, and to the extent of his personal services devoted to such work he is entitled to compensation.

In the case of *Lamb v. Wilson, supra,* the court approves the opinion in the case of *Maynard v. Richards,* 166 Ill. 466, 57 Am. St. 145, 46 N. E. 1138, where the court says: "But the general rule that a surviving partner is entitled to no extra compensation applies to his services in winding up the partnership. The winding up or settlement of affairs after the death of one of the partners may be said to constitute, as a general thing, selling the property and receiving money due the firm, paying the firm's debts and the advancement of the partner, returning the capital contributed by each partner and dividing the profits. Where, however, the surviving partner renders services in excess of the mere winding up of the partnership affairs, he will, under certain circumstances, be entitled to compensation for such excess."

In the case of *Denver v. Roane,* 99 U. S. 355, 25 L. ed. 476, the supreme court of the United States states the rule, that the winding up of a partnership by a surviving partner is gratuitous, and says: "There may possibly be some reason for applying a different rule to cases of winding up partnerships between lawyers and other professional men, where the profits of the firm are the results solely of professional skill and labor." This same rule is approved by the supreme court of California in the case of *Little v. Caldwell,* 101 Cal. 553, 40 Am. St. 89, 36 Pac. 107. (See, also, 30 Cyc. 697.)

Under the statute and the authorities above cited, there can
be no question but that a surviving partner has the power
and the right to act in the settlement of the partnership affairs
with the personal representatives of the deceased partner, and
if in pursuing such duty it is necessary to exercise undue skill
and to employ other counsel to perform services in order to
carry out the contracts made by the partnership and to enforce
claims and secure the rights of the partnership under con-
tracts made by the partnership, the surviving partner is en-
titled to charge necessary expenses, and for services in carry-
ing on litigation in which the partnership is interested and
which are necessary for the benefit of the partnership.

The rule above announced should control and determine in
a large measure many of the errors assigned by appellant, as
such items and claims are based upon services rendered by
attorneys employed by Marshall in performance of the collec-
tion of claims as attorneys in litigation in which the firm of
Jones & Marshall was interested, and which Marshall was not
required to do in his personal capacity as a lawyer. The rule
also applies to a number of errors which are based upon claims
of Marshall against the estate of Jones for expenses and money
paid out for clerical work and traveling expenses.

I am clear that the evidence in this case falls clearly under
the rule announced by this court, which has not been ques-
tioned or reversed, in the cases of *Roby v. Roby,* 10 Ida. 139,
77 Pac. 213, and *Stoneburner v. Stoneburner,* 11 Ida. 603, 83
Pac. 938. The above cases have been cited in the cases of *Van
Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Council Improve-
ment Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Spofford v. Spof-
ford,* 18 Ida. 115, 108 Pac. 1054. In the Roby case this court
said: "We have therefore made an original and independent
examination of the evidence in the case with a view to deter-
mine its weight and preponderance." And in the Stone-
burner case this court said: "In this case no witnesses were
produced in the district court and the district judge did not
see or hear any of the witnesses who testified in the case. In
this condition of the case, under the rule heretofore established
in this court, it becomes our duty where the question of suffi-

ciency of the evidence is raised, to make an original examination of the entire evidence in the case and determine the weight and preponderance thereof, the same as if the case had never before been heard.''

The evidence in this case was partly taken by Judge Flynn, depositions were taken, and part of the evidence was taken before Judge Dunn, who finally decided the case. Under these facts it seems to me that this court should adhere, in considering the preponderance of the evidence, to the rule announced in the foregoing cases and followed in this case.

Whether the claims made by the appellant for services and expenses as a surviving partner are established should be determined and allowed upon the preponderance of the evidence, or where there is no evidence contradicting the evidence offered in support of the claims. This has not been done in the majority opinion, neither was it followed by the trial judge. There are many claims that were not contradicted on the part of the respondent's witnesses by evidence in contradiction to the evidence produced supporting the claims of the appellant. As to claims of appellant, there can be no question, but that a large number of them disallowed by the trial judge were supported by the preponderance of evidence, or no evidence was offered contradicting the evidence offered in support of such claims.

I shall not set out the evidence upon each of these claims, but an examination of the record shows clearly in my judgment that a great portion of the claims alleged as error made by the trial judge in disallowing claims were supported by preponderance of the evidence, and on many of the claims there was no conflict in the evidence, and such claims were clearly established under the rule heretofore referred to, as to the expenses and money expended and the services rendered as a surviving partner.

I am of the opinion, therefore, that this case should be reversed and the cause retried, both upon the evidence and the law as to the rule of law applicable to the services and expenses of a surviving partner.

Petition for rehearing denied.