(February 6, 1914.)

## PIERRE VALENTIN, Respondent, v. JULES SARRETT, Appellant.

[138 Pac. 834.]

PARTNERSHIP — PARTNERSHIP AGREEMENT — SERVICES OF PARTNER — PLEADING.

1. In the absence of a contrary contract, or understanding, each party to a partnership agreement is expected to devote his time and ability to the business of the partnership, and neither one can recover from the other, or the partnership, for services thus performed, unless there be a special contract to that effect.

2. Where one partner applies for the appointment of a receiver, on accounting and dissolution of partnership, and alleges that it was the partnership agreement that each party should put in his entire time and energy in running and handling the business, and the defendant fails to appear and demur or answer, *held,* that such allegation is sufficient to authorize the introduction of evidence to show such an agreement and to charge the defendant with the services of the plaintiff or with the amount expended in employing a servant to do the labor which the defendant should have done.

3. Complaint examined and *held,* that the allegations are sufficient to authorize the one partner to charge the other with the value of his services for the time he failed to comply with his contract and give his services and time to the interests of the partnership.

APPEAL from the District Court of the Sixth Judicial District, in and for Bingham County. Hon. J. M. Stevens, Judge.

Action for appointment of receiver, accounting and dissolution of partnership. Judgment for plaintiff. Defendant appealed. *Affirmed.*

Higgins & Ambrose, for Appellant.

Nowhere in the complaint is it alleged that either or both partners were to·receive wages for any services performed for the partnership, nor that either was to receive more compensation than the other for any services performed. (*Galigher v. Lockhart,* 11 Mont. 109, 27 Pac. 446; 2 Bates, Partn., sec. 770; Parsons, Partn., 3d ed., 250; *Babcock v. Stewart,* 58 Pa. 179, 11 Morr. Min. Rep. 447.)

In the absence of any special agreement between partners as to the division of labor, each should give time and attention to the conduct of the business without compensation, and without regard to the relative value of the services of the several partners. (17 Am. & Eng. Ency. of Law, 1056; *Insley v. ·Shire,* 54 Kan. 793, 45 Am. St. 308, 39 Pac. 713.)

One partner cannot charge the other compensation for his services without special agreement. (*Folsom v. Marlette,* 23 Nev. 459, 49 Pac. 39; *McElroy v. Whitney,* 12 Ida. 512, 88 Pac. 349; 30 Cyc. 448, and cases cited.)

Hansbrough & Gagon, for Respondent.

Where two persons have entered into a copartnership under an agreement by which each partner is to furnish one half of the capital and to devote his entire time and energy to the partnership business, upon a failure of either to furnish either capital or labor as per agreement, he is liable to the partnership therefor. (30 Cyc. 449, 450; *Parsons v. Jennings,* 71 Conn. 494, 42 Atl. 630; *Miller v. Hale,* 96 Mo. App. 427, 70 S. W. 258; *Morris v. Griffin,* 83 Iowa, 327, 49 N. W. 846; *Mattingly v. Stone's Admr.,* 18 Ky. Law Rep. 187, 35 S. W. 921; *Emerson v. Durand,* 64 Wis. 111, 54 Am. Rep. 593, 24 N. W. 129.)

Each member of a partnership is entitled to reimbursement or indemnity therefrom for everything that he properly expends for the benefit thereof. (*Bates v. Lane,* 62 Mich. 132, 28 N. W. 753; *Sweeney v. Neely,* 53 Mich. 421, 19 N. W. 127; *Mason v. Gibson,* 73 N. H. 190, 60 Atl. 96; *Hayes v Hayes,*

66 N. H. 134, 19 Atl. 571; *Brandt v. Edwards,* 91 Minn. 505, 98 N. W. 647.)

A partner who refuses to furnish one half of either money or labor necessary to conduct the firm business as agreed is not entitled to participate in the profits arising out of the transaction conducted by the other party as contemplated by the agreement. (*Campbell v. Dotson,* 149 Ky. 824, 149 S. W. 1129.)

In the absence of the evidence the findings of fact cannot be reviewed upon appeal or their correctness questioned, and all presumptions are in their favor. (*Brossard v. Morgan,* 7 Ida. 215, 61 Pac. 1031; *Riborado v. Quang Pang Min. Co.,* 2 Ida. 144 (131), 6 Pac. 125.)

AILSHIE, C. J.—This action was instituted in the district court, praying the appointment of a receiver and the settling of partnership accounts and dissolution of the partnership business which had theretofore existed between plaintiff and defendant. A receiver was appointed.

The defendant, who is appellant in this court, failed to appear or answer, and a referee was thereafter appointed to report the facts together with findings and conclusions of law. After hearing the proofs the referee reported to the court and with some slight corrections the court approved the findings and conclusions and entered a decree and judgment. The defendant thereupon appealed from the judgment. This case brings up the judgment-roll alone and does not include the evidence taken in the case.

The principal and essential question presented on which it is claimed a reversal of the judgment should be awarded is the conclusion and judgment of the court in charging up the appellant with wages for the time he failed to devote to the partnership business during the existence of the partnership.

It is contended by appellant that in the absence of a contract to the contrary each party to a partnership agreement is expected to give his time and labor toward the business of the partnership; and that neither one can recover from the other, nor from the partnership, either on account of per-

forming more valuable services for the partnership or because of performing a greater amount or longer time service than the other. We are satisfied that the legal contention made by the appellant is correct. The rule contended for is stated by many authorities which counsel cite and particularly in sec. 770, vol. 2, Bates on Partnership, as follows:

"There is no implied contract to compensate a partner who does a larger share of the work of the concern than his copartners. In the absence of a contrary contract or understanding, each is expected to do his best without other reward than the general benefit. It can seldom be supposed that each one will be as valuable or as skilful or as useful or as industrious as the other. The diligent partner's remedy for a failure of duty by the other is to ask a dissolution, but the law cannot measure the unequal services nor settle the comparative value of each, in order to reward the more diligent."

This text is supported by many authorities: *Galigher v. Lockhart,* 11 Mont. 109, 27 Pac. 446; Lindley on Partnership, 8th ed., p. 454; *Insley v. Shire,* 54 Kan. 793, 45 Am. St. 308, 39 Pac. 713; *Folsom v. Marlette,* 23 Nev. 459, 49 Pac. 39.

In *Jones v. Marshall,* 24 Ida. 678, 135 Pac. 841, this court held, in line with the general rule, that a surviving partner is not entitled to compensation for his services in winding up the partnership business, except in peculiar and special cases. The same doctrine was suggested in *McElroy v. Whitney,* 12 Ida. 512, 88 Pac. 349. At section 770 of Bates on Partnership it is stated that "where one partner left the business and gave it almost no attention, and the other worked hard at it for over twenty years, he cannot claim compensation, though he is the managing partner who has sole superintendence of the business." (*Pierce v. Scott,* 37 Ark. 308; *Randle v. Richardson,* 53 Miss. 176.)

Turning to the pleadings in the case to see if they are within the rule of law contended for by appellant, we find from the complaint that it is alleged that the plaintiff and defendant entered into a contract and agreement "to purchase a band of sheep and the necessary teams, wagons and equipment to run and handle the same, each party to advance one

half of the necessary capital, and put in his entire time and energy in running and handling the same.'' Again, at paragraph 5, we find the allegation that ''the plaintiff has devoted his entire time and energy to said business and has herded and cared for such sheep, and in every way has complied with every part of his agreement by him to be performed. But, notwithstanding this fact, said defendant has wholly failed to perform his part of said agreement,'' etc. It will be seen from the foregoing allegation that the complaint charges that it was agreed that each party should devote his entire time and attention to the business of the partnership. It must also be remembered that the defendant did not demur to this complaint and that it stands confessed. In the absence of any demurrer or objection taken to the pleading, it is certainly sufficient to charge the defendant with having agreed to devote his entire time to the business of the partnership and to justify the admission of the evidence to show that he had failed and neglected to comply with his contract. Evidently the court admitted evidence tending to establish this allegation of the complaint, and the record discloses the finding (No. 11) to the effect that the plaintiff performed work and services for the partnership for the period of fifteen and one half months of the value of $697.50; and that the defendant performed work and services for the partnership for a period of two months in 1911, and two months in 1912 of the value of $260; and that the partnership was under the necessity of employing a herder during the entire period of fifteen and one half months, for which it was necessary to pay $697.50.

The court thereupon concluded that the partnership should be charged with the entire value of services performed by both plaintiff and defendant, and that expended for a herder; and that each member of the partnership should be charged with one half of that sum.

In the light of the authorities and the condition of the pleadings, as hereinbefore recited, we think the court was justified in reaching the conclusion that the defendant was chargeable with his full time during the existence of the partnership.

It is also our duty to assume, in the absence of the evidence, that it was sufficient to justify the foregoing findings.

The judgment must be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.