EDYTHE RUDNICK, as Administratrix of the Estate of GEORGE J. RUD-NICK, Deceased, Respondent, v. SAXE, BACON & BOLAN, Appellant, et al., Defendant.— Appeal from (1) a judgment of the Supreme Court, Kings County, entered March 18, 1968 after a nonjury trial on an agreed statement of facts, in favor of respondent against appellant and (2) an order of said court, dated May 16, 1968, which denied appellant's motion, *inter alia*, to vacate the judgment. Appeal from the order dismissed as moot, in view of the determination herewith of the appeal from the judgment, without costs. Judgment reversed, on the law and facts, without costs, and case remanded to the trial court, with the following directions: (1) a hearing shall be held to determine (a) the extent of the services rendered by appellant (or its predecessor, hereafter referred to solely as defendant) subsequent to plaintiff's intestate's death, relating to real estate matters in the administration of the estates of Patricia M. Lockwood and Charles C. Lockwood and (b) the value which such services bear in proportion to all services rendered relating to such real estate matters; (2) the fraction obtained in (b) above shall be applied against the $65,000 fee originally payable to plaintiff's intestate and the result obtained thereby shall be deducted from such fee, provided, however, that such deduction shall not exceed the fair and reasonable value of the additional services performed by defendant; and (3) a new judgment shall be entered upon the basis of the findings to be made pursuant to the above directions. Plaintiff's intestate, an attorney, and defendant, a firm of attorneys, entered into a joint enterprise whereby they were to mutually represent decedent's estate during its administration. There was an agreement for the sharing of fees which was embodied in two letters. There was nothing in these letters to indicate the extent of the services to be performed by either party to the agreement. Plaintiff's intestate died prior to completion of the estate's administration. When the administration of the estate was completed, defendant collected the fee and turned over to plaintiff an amount equal to $15,000 less than called for in the agreement. In this action, plaintiff sues for the additional $15,000, claiming that the parties were joint venturers. Defendant claims that the $15,000 represents the reasonable value for services rendered by it in winding up the administration, which services were to have been performed by plaintiff's decedent according to their agreement. The case was submitted to the trial court upon a stipulated set of facts and stipulated questions of law. Included in the papers before the court in aid of its decision were the bills of particulars which show that plaintiff's intestate was to perform the services concerning the real estate matters of the estate and that these were the matters to which he devoted his attention prior to his death. Therefore, it is clear that the parties contemplated a specific division of services. The normal rules of a commercial joint venture should not be applied in this case. Where two or more lawyers associate for the purpose of pursuing a particular legal enterprise, the only asset of the association is the skill, labor and time of the individual attorney. It would be inequitable to deny the surviving attorney compensation for the additional services performed in concluding the enterprise

(*Sterne* v. *Goep,* 20 Hun. 396; see *Jones* v. *Marshall,* 24 Idaho 678). This differs from the commercial joint venture where there is joint contribution of capital to the enterprise and both parties have a property interest in the subject matter and profits of the enterprise. There, the surviving joint venturer is not entitled to additional compensation for winding up the business of the joint venture. Here, we have attorneys associating for the purpose of pursuing a singular legal enterprise, an administration of decedent's estate, where the fee payable by the client is based on specific services rendered, an agreement between the attorneys to apportion such fee on the basis of specific services to be performed, and no agreement providing for the contingency of death of either party. We therefore hold that, under the particular circumstances of this case, defendant is entitled to additional compensation, deductible from the amount originally agreed to be paid plaintiff's intestate, for services rendered in connection with the real estate matters of the estate. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.