LEONARD, APPELLANT, *v.* SHATZER, RESPONDENT.

[Argued November 13, 1891. Decided January 4, 1892.]

WATER AND WATER RIGHTS— *Diversion — Findings.* — A finding by the trial court, after an inspection of the premises, that a spring was not one of the sources of the stream from which the plaintiff had appropriated water, will not be disturbed on appeal where it appeared that the spring was upon high ground between two forks of the stream; that before the spring was turned by defendant's ditch into the east fork the tendency of the flow was towards the west fork, but unless swelled by freshets or melting snows did not reach it, but sank, the evidence being conflicting as to whether the flow of water in the stream was appreciably diminished by the defendant's use of the waters of the spring, but the preponderance being in favor of the defendant.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for damages and an injunction. The cause was tried

before DURFEE, J., without a jury.  Defendant had judgment below.

Statement of the case by the judge delivering the opinion.

The action is for damages, and for an injunction restraining the defendant from using certain waters claimed by the plaintiff. The complaint alleges that the plaintiff is the owner of certain land in section 14, township 10 N., range 12 W.; that since the year 1869, plaintiff and his predecessors have been the owners and in possession of the waters of Burt Creek; that they have duly appropriated and used them, etc., describing the uses.  Then follow allegations of defendant's diversion in the year 1890, the damages, and, in a separate cause of action, a prayer for an injunction.

The answer sets up that defendant owns certain land in section 1, same township and range.  It denies the material allegations of the complaint.  The answer sets forth the facts to be that, immediately north of the line of defendant's premises, there is a living, natural spring of water; that up to the spring of 1882 the waters of this spring flowed in a well defined channel upon the said described premises of defendant; that in 1882 all the waters of said spring were appropriated by the defendant's predecessors, and by means of ditches were distributed upon said premises; and that ever since that time defendant and his predecessors have maintained said ditches, and openly and notoriously, etc., used said waters.  The answer describes the necessity for and use of the waters, and alleges that the said waters, even if not used by the defendant, do not flow, and never have flowed, by, through, or upon the lands of the plaintiff, and have no connection in their flow with the waters claimed by the plaintiff, or with the waters of said Burt Creek, and that the same have never been used or appropriated by the plaintiff or his predecessors.  Defendant prays that he may be decreed to be the owner of said spring, and entitled to the use and possession of the same, and that his right be declared prior and superior to that of the plaintiff.

One familiar with the system of government surveys can construct a plat from the description of the premises, from which, and from the conceded facts, it is observed that the defendant's

premises lie up the creek from the plaintiff's. Above the plaintiff the creek forks. Between the forks the land is high — a "bench" as the witnesses call it—and on the bench is the spring in controversy. It is observed at once that the principal issue made by the pleadings was whether or not the spring was a part of the sources of the creek. The plaintiff's contention was that the spring was such part of the sources of the creek, and that, by virtue of his prior appropriation of the waters of the creek in 1869, he was entitled to the waters of the spring. The defendant's position, on the other hand, was that the spring was not one of the sources of the creek, and therefore not within the appropriation of the plaintiff, and that he took it of right in 1882, when he gathered it up with a ditch and used it upon his land.

The court below, in its opinion, says: "There is an irreconcilable conflict in the evidence as to whether the spring claimed by defendant is one of the sources of Burt Creek. I think, however, that the preponderance of evidence shows that the spring in question, prior to the year 1882, flowed towards the west fork of Burt Creek; but, being a small stream of water, it was so scattered and diffused through the soil that no appreciable quantity ever reached the west fork of said creek; and that not until a ditch was dug from said spring, and the waters gathered up and turned into the east fork of said creek, did it form any material source of supply to said creek."

The learned judge of the District Court went upon the premises at the request of the parties. The case was tried without a jury. After hearing the evidence, and making personal inspection of the premises, the court made findings, which are substantially as follows: (1) Plaintiff was the owner and in possession of the premises described in the complaint. (2) Plaintiff's predecessors, in 1869, appropriated the waters of Burt Creek flowing past the premises of plaintiff. (3) Burt Creek is a small stream having two forks, the east and the west, supplied by springs along its course. (4) During each summer the west fork furnishes little, if any, water to the main stream. In 1882 the predecessors of defendant appropriated the waters of a spring situated on the divide between the forks, and turned the same into the east fork, and they used the same

without let or hindrance from any person to the year 1890. Said spring was not one of the sources of supply of Burt Creek until its waters were gathered up and conveyed by a ditch into the east fork of the creek. (5) Through the irrigating season the waters of said spring, when allowed to flow uninterruptedly down the east fork, and into the main channel of said creek, did not reach the premises of the plaintiff. (6) Below the forks of the creek several springs arise, which furnish the water appropriated and used by the plaintiff. During several seasons Burt Creek has been known to be entirely dry, and that during the year 1890, when the defendant was using the waters of said spring, it made no appreciable difference in the flow of the waters which passed the plaintiff's premises. (7) That at no time during the year 1890 was the ditch of the plaintiff entirely dry, but that said ditch was supplied by springs rising below the forks of the creek.

Upon these facts, the court concludes that the law was: (1) Defendant is the owner of and entitled to the use of the waters of the said spring. (2) Plaintiff is entitled to all the waters of Burt Creek, other than the waters of the said spring. (3) Defendant is entitled to a decree, etc.

The plaintiff, on motion for a new trial, specified that the evidence was insufficient to justify the decision: (1) The evidence does not support the finding that the predecessors of defendant appropriated the waters of the spring and turned the same into the east fork of the creek, and used the same without let or hindrance up to the year 1890; whereas the proof shows that the witness Howell used the water that had been turned into the east fork by the permission of the plaintiff, and that those subsequently using it did so without the knowledge of plaintiff or without his consent. (2) Plaintiff attacks the finding that the spring was not one of the sources of supply of Burt Creek. (3) Plaintiff attacks the finding that, through the irrigating season, the waters of the spring, when allowed to flow down the east fork into the main channel, do not reach the premises of plaintiff. (4) Plaintiff is also dissatisfied with the finding that below the forks of the creek are springs which furnish the water appropriated and used by the plaintiff. (5) Plaintiff also contended that it was not proven by the evidence

that, when defendant was using the waters of the spring, it made no appreciable difference in the flow of water which passed the plaintiff's premises. (6) The finding is also attacked that at no time during the year 1890 was the plaintiff's ditch entirely dry. The plaintiff specified error of law in the decision; but the alleged error of law was based upon plaintiff's view of what the evidence proved, and his position in that regard is fully stated above.

*Cole & Whitehill*, for Appellant.

The fact that the water ran underground for a distance before it reached the west fork does not make the spring any less a part of the stream. Subsequent appropriators cannot, as against the prior appropriator of the same stream, lawfully acquire rights to the water of springs which constitute the source of the stream simply because the means through which the waters reach the stream are subterranean and not well understood or defined. (Pomeroy's Riparian Rights, 87; *Strait* v. *Brown*, 16 Nev. 317; 40 Am. Rep. 497.)

*Brantly & Scharnikow*, for Respondent.

If the water flows beneath the surface, without a definite channel, or in courses which are unknown or unascertainable, as water flowing by percolation or by undefined subterranean channels, it cannot be treated as a watercourse, or part of same. It has been repeatedly decided that such water is not governed by the same laws that have been established for running streams. (Pomeroy's Riparian Rights, § 63, p. 98; *Haldeman* v. *Bruckhart*, 45 Pa. St. 514; 84 Am. Dec. 511; *Hanson* v. *McCue*, 42 Cal. 303; 10 Am. Rep. 299; *Taylor* v. *Welch*, 6 Or. 198; *Strait* v. *Brown*, 16 Nev. 321; 40 Am. Rep. 497.)

DE WITT, J. — Appellant makes six specifications of particulars in which he claims that the decision is not supported by the evidence. But in his brief he relies upon one main proposition. If he fails in his support of that, the rest of his structure falls. If it be true that the spring, the waters of which are in controversy, was not one of the sources of Burt Creek, then the

plaintiff, by his appropriation and use of the waters of Burt Creek, did not appropriate and use the spring, and has no claim upon it, and the defendant has not invaded the plaintiff's rights by his appropriation and use of the water. We will therefore first turn our attention to that inquiry, and if we conclude that there is not a successful attack upon the finding of the District Court, that the spring was not one of the sources of Burt Creek, we need go no further.

It cannot be questioned that the evidence shows these facts: That the spring lies on high ground between the forks of the creek; that before the spring was turned by a ditch the tendency of the movement of the water was towards the west fork; that in freshets, and when stimulated by melting snows, the water, perhaps, flowed overground to the west fork; that in the summer, which is the irrigating season, the water did not flow on the surface to the west fork or elsewhere, it sank. These facts are not all stated in the findings, but we mention the evidence to that effect as explanatory of the situation and the findings. Now, the plaintiff contended that the direction of the flow of the waters of the spring, so far as it was observable, was towards the west fork; that the west fork lay lower than the spring; and that the water of the spring must go to the west fork, and did go to that fork. No witness pretended to know, from any actual observation, the course of any subterranean flow of the spring water. The evidence upon the point, as to whether the waters of the spring reached the west fork, was of this character; that is to say, plaintiff claimed and undertook to establish by evidence, that when the water of the spring was gathered up and carried off in defendant's ditch, and thus diverted from its natural destination, wherever that might be, the flow of water in the creek, below where plaintiff contended that the waters of the spring reached the creek, was appreciably diminished. Defendant controverted this claim of plaintiff, and introduced evidence to show that, when he carried away and used the waters of the spring, the flow in the creek was not diminished. This was the sort of testimony upon which the District Court was obliged to find whether or not the spring was a source of supply of the creek. The court found that it was not. It is idle to contend that there was not a sub-

stantial conflict in the evidence on this point. The appellant cites in his brief everything that was testified favorable to his view. The respondent then refers us to all the evidence sustaining his position. We have examined all this testimony. We shall not restate it, as that would be practically a recital of a great portion of the record. Nor shall we weigh it further than to enable us to say, with confidence, that the conflict in the evidence upon this vital matter was thoroughly substantial, and the preponderance was in fact as the District Court found it. The District Court found that the preponderance was with the defendant, the respondent. The court below heard the evidence and personally examined the premises. This is just such a case in which the Supreme Court will not disturb the finding.

The suggestion of appellant's brief that the court below found that the water will not flow down hill is not a statement of the District Court's finding. The District Court found that this water did not flow down hill to the place where appellant desired to have it. That finding is not inconsistent with the fact that the water obeyed the law of gravitation; that it went downward somewhere, but did not appear at the point where it was to the interest of appellant that it should appear—that is, in Burt Creek.

*Strickler* v. *City of Colorado Springs*, 16 Colo. 61, cited by appellant, has no application. That case simply announces a general principle, in regard to which there is no contention in this action, that the rights of a junior appropriator of water from a tributary stream are subject to the rights of a prior appropriator from the main stream below. But the controversy in the case at bar is as to the fact whether the water in litigation is a tributary, not what the rights should be, if it were conceded to be a tributary. Nor is *Strait* v. *Brown*, 16 Nev. 317; 40 Am. Rep. 497, cited by appellant, in any manner in point. The case at bar does not raise any distinction, of law or fact, as to percolating water and channel water, subterranean or superficial; but the matter on this appeal is simply the fact of whether or not the water of the spring in its natural flow reached the creek at all — a fact which the court found in favor of the defendant, upon a substantial conflict of the evidence, a finding which there is not precedent for our disturbing.

The judgment and the order denying the new trial are affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.

11   429
11   435

11   429
13   376
28*  643
34*  300

