(76 South. 932)

FITZPATRICK v. STRINGER et al.
(7 Div. 844.)

(Supreme Court of Alabama. Nov. 15, 1917.)

APPEAL AND ERROR 1009(1)—REVIEW OF EQUITY CASES—WEIGHT OF EVIDENCE—ORAL TESTIMONY.

Where the evidence is ore tenus before the chancellor, the findings of fact will be treated like the verdict of a jury, unless plainly erroneous, regardless of Code 1907, § 5955, subd. 1, providing that on appeal no weight shall be given the decision of a chancellor upon the facts.

Appeal from City Court of Talladega; Marion H. Sims, Judge.

Suit in chancery by Wiley F. Fitzpatrick against Lorena Stringer, R. L. Stringer, and others. Degree for respondents, and complainant appeals. Affirmed.

Riddle & Riddle, of Talladega, for appellant. Knox, Acker, Dixon & Stewart, of Talladega, for appellees.

This cause was considered and decided under new rule 46 (65 South. vii), and the opinion of the court was prepared and delivered by Mr. Chief Justice ANDERSON.

The trial court pretermitted a consideration of the respondents' demurrers, testing the sufficiency of the bill and rendered a decree in favor of said respondents, upon the idea that the evidence was favorable to them, conceding the sufficiency of the bill. In considering this case we are not unmindful of so

much of subdivision 1 of section 5955 of the Code of 1907 which provides that in deciding cases upon appeal from the chancery court no weight shall be given the decision of the chancellor upon the facts, but the Supreme Court shall weigh the evidence and give judgment as they deem just, or of the consideration and application of said statute in the cases of Horst v. Pake, 195 Ala. 620, 71 South. 430, Huntsville Elks Club v. Garrity, 176 Ala. 128, 57 South. 750, Freeman v. Blount, 172 Ala. 655, 55 South. 293, Claflin v. Muscogee Mfg. Co., 127 Ala. 376, 30 South. 555, and other cases not necessary to cite. But this statute was so construed and applied because the evidence before the chancellor and this court was the same and in the same form, depositions, and writings, and not being ore tenus or partly so before the chancellor, the rule laid down in the case of Woodrow v. Hawving, 105 Ala. 240, 16 South. 720, and which has often been adhered to by many decisions of this court (Thompson v. Collier, 170 Ala. 469, 54 South. 493; Hackett v. Cash, 196 Ala. 403, 72 South. 52), had no application (Claflin v. Muscogee Mfg. Co., supra). In the present case, however, the witnesses were examined orally and in the presence of the trial court, sitting in equity, under Act 1915, p. 705, providing for taking testimony orally in open court in equity cases, and as the trial court had the benefit of hearing and observing the witnesses, which was an advantage over this court in weighing and considering the evidence, the rule announced in the Hawving, Thompson, and Hackett Cases, supra, necessarily applies by way of analogy, and said subdivision 1 of section 5955 cannot apply. Therefore this court must treat the conclusion of the trial court upon the facts like unto the verdict of a jury, and will not disturb the same unless it is plainly erroneous, and we are not prepared to say that such is the case.

The decree of the city court is affirmed.
Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.