(90 South. 917)

McCLURKIN v. McCLURKIN. (7 Div. 120.)

(Supreme Court of Alabama. Oct. 20, 1921.)

1. Appeal and error ⟨⫛⟩76(1)—Test of finality of judgment to support appeal stated.

The test of finality of a judgment to support an appeal is not whether the cause remains in fieri awaiting further proceedings to entitle the parties to their acquired rights, but whether the judgment ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated or necessarily involved.

2. Appeal and error ⟨⫛⟩77(2)—Denial of petition to set aside estate to petitioner as deceased's widow is a "final decree."

A denial of a petition to set apart a decedent's estate to petitioner as his widow is a final decree as to her within Code 1907, § 2837, the effect thereof being to determine that she was not deceased's widow.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

3. Appeal and error ⟨⫛⟩1008(1), 1009(1)—Judgment of court before whom testimony is taken orally has weight of verdict.

Where testimony is taken orally before the court as prescribed by Acts 1915, p. 705, whether in equity or at law, the court's judgment

or decree has the weight of a jury's verdict, and will not be disturbed unless plainly erroneous.

**4. Marriage ☜13 — Essentials of "common-law marriage" stated.**

To constitute a common-law marriage it is sufficient that there be a mutual consent to be husband and wife, followed by cohabitation as such, without regard to what the parties consider the legal effect of such relation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common-Law Marriage.]

**5. Marriage ☜54—Common-law husband's abandonment of wife and attempt to marry another held not to destroy former marriage.**

That a common-law husband abandoned the relation and attempted to contract marriage with another, and they mutually agreed to be husband and wife and cohabited together for many years, did not destroy the former valid common-law marriage; the parties thereto not being free to marry others without a divorce.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Petitions by Mittie McClurkin and Della McClurkin, each to have the estate of Franklin McClurkin, deceased, set apart to her as his widow. From a decree granting the petition of Della McClurkin, Mittie McClurkin appeals. Affirmed.

Franklin McClurkin died in 1920, and Frank McClurkin was granted letters of administration on the estate on the 8th day of April, 1920, and soon thereafter filed his petition for an order to sell all the property of the estate for the purpose of paying debts and for division. On June 7, 1920, Mittie McClurkin filed her petition alleging that she was the widow of Franklin McClurkin, and asking for the removal from the probate to the chancery court of said administration, and, this being granted on June 9, she filed a petition asking for an appraisement of the estate, and to have same set apart and allotted to her as such widow, and on June 25, 1920, Della McClurkin filed her petition setting up that she was the widow of Franklin McClurkin, asking for an appraisement of the estate, and that it be set apart to her as the widow. The court heard the evidence, and entered a decree finding that Mittie McClurkin was not the widow of Franklin McClurkin, and denying and dismissing her petition, and holding that Della McClurkin was the widow, and entitled to the estate.

Harvey A. Emerson, of Anniston, for appellant.

Appellant and the decedent contracted a valid common-law marriage. 55 Ala. 108; 94 Ala. 501, 10 South. 646; 117 Ala. 80, 23 South. 640, 67 Am. St. Rep. 163; 119 Ala. 627, 24 South. 374; 175 Ala. 532, 57 South. 714; 176 Ala. 480, 58 South. 444; 201 Ala. 482, 78 South. 388. Appellee's evidence does not show a valid statutory marriage. Sections 4881 and 4884, Code 1907; 194 Ala. 613, 69 South. 885, L. R. A. 1916B, 1243. The decree was sufficient to support the appeal. 104 Ala. 88, 15 South. 939; 168 Ala. 469, 53 South. 228; 171 Ala. 451, 54 South. 563; 176 Ala. 408, 58 South. 288; 201 Ala. 482, 78 South. 388.

Harrison & Stringer, of Talladega, for appellee.

An appeal does not lie from a decree here sought to be reviewed. 192 Ala. 162, 68 South. 334; 126 Ala. 184, 28 South. 660; 159 Ala. 555, 48 South. 793; sections 4211 and 4216, Code 1907; Acts 1911, p. 574. The court properly decreed that the appellee was the wife of Franklin McClurkin. 176 Ala. 480, 58 South. 444; 117 Ala. 80, 23 South. 640, 67 Am. St. Rep. 163; 127 Ala. 301, 28 South. 713; 18 R. C. L. 426.

THOMAS, J. [1] The test of finality of a judgment or decree to support an appeal is not whether the cause remains in fieri awaiting further proceedings in such court to entitle the parties to their acquired rights, but whether such judgment or decree ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation.

[2] A denial of appellant's petition was, as to her, a final decree, and within the provision of Code, § 2837. Clifford v. Montgomery, 202 Ala. 609, 81 South. 551; First Nat. Bank v. Watters, 201 Ala. 670, 672, 79 South. 242; Plunkett v. Dendy, 197 Ala. 262, 72 South. 525; De Graffenried v. Breitling, 192 Ala. 254, 68 South. 265; State ex rel. v. Kemp, 205 Ala. 201, 87 South. 836; Ex parte Elyton Land Co., 104 Ala. 86, 15 South. 939; Alexander v. Bates, 127 Ala. 328, 28 South. 415; Adams v. Sayre, 76 Ala. 509; Wynn, Adm'r, v. Bank, 166 Ala. 469, 53 South. 228; Dickens v. Dickens, 174 Ala. 345, 56 South. 809; Gainer v. Jones, 176 Ala. 408, 58 South. 288. That is to say, the effect of the instant decree was to determine that appellant was not the widow of Franklin McClurkin, deceased, and the denying and dismissing of her petition for homestead exemption in his estate was a final determination of "the equities of the case" in so far as affected petitioner's rights in the properties and estate of said decedent.

[3] Where the testimony is taken orally before the court as prescribed by the act of 1915 (page 705), whether in equity (Andrews v. Grey, 199 Ala. 152, 74 South. 62; Manchuria S. S. Co. v. Donald & Co., 200 Ala. 638, 77 South. 12; Hess v. Hodges, 201 Ala. 309, 78 South. 85, L. R. A. 1918D, 858; Bolen

v. Bolen, 205 Ala. 114, 87 South. 797; Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932) or at law (Christie v. Durden, 205 Ala. 571, 88 South. 667; Hackett v. Cash, 196 Ala. 403, 72 South. 52; Ahlrichs v. Rollo, 200 Ala. 271, 76 South. 37; Finney v. Studebaker Corp., 196 Ala. 422, 72 South. 54; Gray v. Handy, 204 Ala. 559, 86 South. 548), this court will not disturb the judgment or decree of the trial court rested thereon, unless it is plainly erroneous. To such judgment or decree is accorded the weight of the verdict of a jury; the record showing that testimony in instant case was so taken by consent of parties.

[4] In Carter v. Gaines, 204 Ala. 640, 87 South. 109, the subject of common-law marriage was discussed, the authorities collected, and it is unnecessary to prolong the same further than to say (see Farley v. Farley, 94 Ala. 501, 10 South. 646, 33 Am. St. Rep. 141; Beggs v. State, 55 Ala. 108; White v. Hill, 176 Ala. 480, 58 South. 444; Bynon v. State, 117 Ala. 80, 23 South. 640, 67 Am. St. Rep. 163; Tartt v. Negus, 127 Ala. 301, 28 South. 713) that to constitute such a marriage it is only necessary that there should be a mutual consent between the parties to be husband and wife, followed by cohabitation and living together as husband and wife, and upon the establishment of such relation there is a lawful marriage, without regard to what the parties consider the legal effect of such relation to be. Herd v. Herd, 194 Ala. 613, 69 South. 885, L. R. A. 1916B, 1243.

[5] Though the evidence may tend to show an abandonment by Franklin McClurkin of the relation of husband and wife theretofore contracted or assumed with Della McClurkin, and an attempt thereafter to contract marriage with Mittie McClurkin—that they mutually agreed to be husband and wife, followed by cohabitation and living together for many years as man and wife —this did not destroy the former valid common-law marriage contracted by him with Della McClurkin. In the absence of the divorce of the parties, they were not thereafter free to contract marriage with others as was sought to be shown by the evidence of an attempted marriage with the said Mittie. Evans v. Evans, 200 Ala. 329, 76 South. 95. The evidence supported the finding of the court that Della McClurkin was the wife of Franklin McClurkin in the year 1888, and therefore at the time of his death.

A careful examination of the record impresses us that no reversible error has been committed. The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.