(104 So. 756)

COX v. STOLLENWERCK. (3 Div. 692.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

1. Appeal and error ⬤⟶1009(4)—When judgment or decree, based on question of fact determined ore tenus, will not be disturbed stated.

When the evidence either in equity or in law is ore tenus, or partly so, trial court's judgment or decree, based on question of fact determined from such evidence, is like verdict of a jury, and will not be disturbed unless result is plainly and palpably contrary to the great weight of the evidence.

2. Appeal and error ⬤⟶1009(3)—Trial court's decree, based on question of fact determined from conflicting evidence ore tenus, held final.

Trial court's decree, based on question of fact determined from conflicting evidence ore tenus, held final.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill in equity by W. N. Cox against Frank Stollenwerck. From a decree for respondent, complainant appeals. Affirmed.

S. H. Dent, of Montgomery, for appellant.

Where the testimony of a witness is incredible, the court will reject it. Peters v. Sou. Ry., 135 Ala. 533, 33 So. 332; L. & N. v. Moran, 190 Ala. 108, 66 So. 799.

W. A. Jordan, of Montgomery, for appellee.

The witnesses in this case having appeared in person and testified before the trial court, the decree will not be reversed, unless it shocks the sense of justice and right. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Hatfield v. Riley, 199 Ala. 388, 74 So. 380; Adams v.

Wimbish, 201 Ala. 548, 78 So. 902; Cole v. A. G. S., 201 Ala. 193, 77 So. 719; Conners v. Harless, 202 Ala. 317, 80 So. 399.

ANDERSON, C. J. [1] This court has repeatedly held that, in equity as well as law, when the evidence before the trial court is ore tenus, or partly so, the trial court had the benefit of seeing and hearing the witnesses, and therefore possessed an advantage over this court in weighing and considering the same, and its judgment or decree was like unto the verdict of a jury, and would not be disturbed unless the result was plainly and palpably contrary to the great weight of the evidence. Senior v. State, 205 Ala. 337, 87 So. 592; Fitzpatrick v. Stringer, 200 Ala. 374, 76 So. 932; Ray v. Watkins, 203 Ala. 683, 85 So. 25, and many cases there cited.

[2]. Therefore, pretermitting the authority of the respondent to release the mortgage, and conceding that it would be binding on him if supported by a valuable consideration, his evidence shows that it was without consideration; a mere nudum pactum. This was contradicted by the complainant, who was corroborated in part by his wife, but the trial court saw and heard both the complainant and the respondent testify, and believed the respondent, and the decree must be affirmed, which is accordingly done.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.