(January 4, 1926.)

STEPHEN A. MAHAFFEY, Jr., Appellant, v. MURDOCK M. McNICOLL, CLAIRE McNICOLL, FRED PATTEE, JOS. PATTEE, GEO. H. D. LYNCH and MARTIN CURRAN, Respondents.

[244 Pac. 401.]

WATER RIGHTS—TRIAL—FINDINGS—EVIDENCE.

1. It is not reversible error to fail to make a finding on an admission in a pleading where such a finding would not justify greater relief than that awarded by the decree.

2. An appellate court will not examine the evidence to determine in whose favor it preponderates when the trial judge by stipulation makes his decision not only from a transcript of evidence taken before his predecessor, but on a consideration of all

the evidence submitted in the cause, including evidence taken before the judge who decided the case and after an authorized examination of the premises.

3. A finding not sustained by the evidence should be modified to accord with the evidence.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County.   Hon. Ralph W. Adair, Judge.

Suit to adjudicate water rights.   Decree *modified and affirmed.*

John H. Padgham and Richards & Haga, for Appellant.

Where the trial judge who made the findings decided the case upon a typewritten transcript or upon depositions and documentary evidence and did not see the witnesses, the rule requiring affirmance of a decision based upon conflicting evidence does not apply and the supreme court will examine the evidence anew and make its own determination according to the preponderance of such evidence. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497; *Jones v. Marshall,* 24 Ida. 678, 135 Pac. 841.)

E. W. Whitcomb and L. E. Glennon, for Respondents.

"Where a case has been heard and determined entirely on depositions the supreme court will pass on the weight and preponderance of the evidence." (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Ainslie v. Idaho World Printing Co.,* 1 Ida. 641; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054.)

Publisher's Note.

1.   See 2 R. C. L. 243.

2.   See 2 R. C. L. 203.

See Appeal and Error, 4 C. J., sec. 2854, p. 882, n. 22; sec. 2855, p. 883, n. 33; sec. 2859, p. 889, n. 87 New; sec. 3044, p. 1059, n. 1; p. 1060, n. 9.

This rule, however, does not apply where witnesses have been called and testified, even though the greater portion of the evidence may be in the form of depositions or testimony taken before another judge. (*Jones v. Marshall*, 24 Ida. 678, 135 Pac. 841.)

WM. E. LEE, J.—This suit was instituted in the district court for Lemhi county to determine the rights of the parties in and to the waters of Pattee Creek. Appellant Mahaffey is the owner of a farm comprising all but a small part of what is known as the old Sharkey ranch. Respondents McNicoll and wife were formerly the owners of the land. In 1918 they conveyed it to one Whitman, who conveyed it to appellant. When McNicoll became the owner of the Sharkey ranch a portion thereof was irrigated with water from Pattee Creek; and, prior to the conveyance to Whitman, McNicoll changed the use of a portion of the water of Pattee Creek to lands which he did not convey, and constructed a ditch from Lemhi River for the purpose of substituting water from Lemhi River in place of Pattee Creek water so withdrawn. The cause was tried before Judge Cowen and submitted to him for decision. Before a decision was made Judge Cowen resigned and, on stipulation of the parties, it was agreed that Judge Adair, successor of Judge Cowen, should decide the cause on a transcript of the evidence taken before Judge Cowen and such additional evidence as might be admitted. It was further stipulated that Judge Adair make a personal examination of the ditches and premises involved in the suit. Thereupon Judge Adair admitted additional evidence and made an examination of the Lemhi River ditch. In its findings the court determined that the original appropriation of the waters of Pattee Creek for the Sharkey ranch was 200 inches, with a priority of June 1, 1871; that by the conveyance from McNicoll to Whitman, McNicoll "reserved" 80.2 inches of the water of Pattee Creek and had theretofore transferred the use of an additional 26 inches of water from Pattee Creek to lands retained by him, thus awarding McNicoll

106.2 inches and appellant 93.8 inches of the original appropriation. Findings were also made with respect to the rights of other parties, which, except as to respondents Fred and Joseph Pattee, it is not necessary to notice. A decree was made and entered in accordance with the findings.

Appellant contends that the court should have found that one and three-fourths inches of water per acre were required for the irrigation of about 200 acres of his land in that respondents admitted such an allegation of the complaint. A finding as to the extent and requirements of appellant's irrigable land was necessary and appellant was entitled to a finding according to the admission. Because of the fact that all of the water of Pattee Creek is used during the irrigation season, as between these parties, the more important issue is not the quantity of water reasonably necessary for the irrigation of appellant's land, but is the quantity of the water of Pattee Creek to which the parties are respectively entitled. The court would not, therefore, have been justified in awarding appellant, as against the other parties, any more of the water of Pattee Creek solely because it was necessary for the irrigation of his land. [1] Respondents denied that more than 200 inches of water had ever been used in the irrigation of the Sharkey ranch, and the evidence supports the finding that 200 inches of the water of Pattee Creek had been diverted to and used thereon. Since, as against the other parties to this suit, appellant was not entitled to have decreed to him more of the water of Pattee Creek than had theretofore been diverted to and used on the land now owned by him, the failure of the court to find the quantity of appellant's irrigable land and the quantity of water proper and necessary for its irrigation, according to the admission in the answer, is not reversible error.

[2] It is suggested by appellant that this court is in as favorable a position to judge of the credibility of the witnesses and the weight to be given to the evidence as was the trial judge, and that it is our duty to examine the evidence and make our own determination therefrom as though

the cause had been tried before this court. He predicates this suggestion on the premise that Judge Adair, who made the findings, decided the case solely on a typewritten transcript of the evidence taken before Judge Cowen. As a matter of fact, the court made its findings not only on the evidence taken before Judge Cowen but on a consideration of all the evidence submitted in the cause, including evidence heard by Judge Adair and after a personal examination of the Lemhi River ditch. The rule contended for by appellant, therefore, has no application in this case. (*Jones v. Marshall,* 24 Ida. 678, 135 Pac. 841. See, also, *Olivieri v. Atkinson,* 168 Mass. 28, 46 N. E. 422; *Taylor v. Burgett,* 207 Ala. 54, 91 So. 786; *Cox v. Stollenwerck,* 213 Ala. 390, 104 So. 756; *Hatton v. Gregg,* 4 Cal. App. 537, 88 Pac. 592; *Winter v. Fulstone,* 20 Nev. 260, 21 Pac. 201, 687; *Leonard v. Shatzer,* 11 Mont. 422, 28 Pac. 457.)

[3] Another question in the case is the quantity of the water of Pattee Creek reserved in the deed from McNicoll to Whitman. The court found that McNicoll "reserved":

"80.2 miner's inches of the water of said Pattee Creek theretofore appropriated for the irrigation of said lands . . . . substituting therefor an equal amount of water theretofore appropriated by them from the Lemhi River and conveyed to said lands through what is known as the Lemhi River Ditch, together with all the right, title and interest of said grantors in and to said ditch."

The trial court appears to have found that under the language of the deed McNicoll retained so much of the water of Pattee Creek as he had substituted of the water of the Lemhi River in lieu thereof. The deed is somewhat ambiguous, and certain evidence was admitted to disclose the intention of the parties. McNicoll did not substitute more of the water of Lemhi River than he had theretofore conveyed to and applied to a beneficial use on the land now owned by appellant. He constructed the Lemhi River ditch to get water to irrigate lands theretofore irrigated with water from Pattee Creek. From a consideration of the language of the deed and evidence with respect to the intention of

the parties we are of the opinion that the lower court was correct in finding and deciding that McNicoll retained such of the water of Pattee Creek as he had substituted of the water of Lemhi River. Appellant finds no fault with this construction of the deed, but strenuously contends that 80.2 inches is a greater quantity of water than should have been awarded McNicoll, in that the evidence shows that McNicoll did not substitute that much water from Lemhi River. As to the quantity of water conveyed through the Lemhi River ditch, the evidence is very unsatisfactory and is in great conflict. It was estimated and measured. The figures run all the way from 16 inches to 272 inches, and, the court made a personal inspection of the ditch. I believe that the finding of the court of 80.2 inches is sustained by the evidence. However, the majority is of the opinion that the evidence is insufficient to justify a finding that more than 52 inches of water was ever conveyed to the land, through the Lemhi River ditch, and applied to a beneficial use thereon. Under such circumstances the finding should be modified to accord with the evidence. The finding of 80.2 inches will, therefore, be reduced to 52 inches.

Complaint is also made that the trial court found that McNicoll was entitled to 26 inches of the water of Pattee Creek in addition to the 80.2 inches (reduced to 52 inches) awarded him from that stream and in excess of that substituted from Lemhi River. This finding is not sustained by the evidence and is inconsistent with the construction the court gave to the deed from McNicoll to Whitman, that McNicoll reserved, in his deed, such of the waters of Pattee Creek as he had substituted of the waters of Lemhi River. McNicoll's reservation of the water of Pattee Creek, in his deed, is limited to the quantity he substituted from Lemhi River. The trial court found that this quantity was 80.2 inches. Therefore, according to the trial court's construction of the reservations in the deed, the water of Pattee Creek retained by McNicoll was limited to 80.2 inches. McNicoll did not plead that he was entitled to other Pattee Creek water than that reserved by him in his deed, and,

42 Idaho—8

in finding that McNicoll was entitled to 26 inches more of water from Pattee Creek than he had reserved in his deed and had substituted of the water of Lemhi River, the court awarded him water he had conveyed and to which he was clearly not entitled.

The finding that Fred and Joseph Pattee had a right to 20 inches of the water of Pattee Creek with date of priority of August 1, 1884, is not sustained by the evidence. We are convinced that the earliest Pattee appropriation did not amount to more than 8 inches, and there is not sufficient evidence to justify or sustain a finding for more than that quantity. Water has been applied to a beneficial use on the Pattee land since a time beyond the memory of the witnesses. The evidence shows that water was used every year during low and high water and during those periods of the year when there was less than enough water in Pattee Creek to supply the Sharkey appropriation. Sharkey, during the long period of time he was owner of the Sharkey ranch, never interfered with the use by Pattee of this small amount of water. It was settled by agreement of the parties in open court that the Pattees' right is equal in all respects, except in amount, to the Sharkey appropriation. The court should, therefore, have awarded a right to not more than 8 inches of water with date of priority of June 1, 1871.

There is sufficient evidence to sustain the court's finding that respondents Fred and Joseph Pattee appropriated 15 inches of the water of Pattee Creek June 1, 1905.

Other errors suggested by appellant have been examined, and found to be without merit. A discussion thereof is not necessary to the decision.

The cause is remanded to the trial court with instructions to modify its findings of fact, conclusions of law and decree in accordance with the views herein expressed. As modified the decree will be affirmed. Costs to appellant.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.