(108 So. 587)

**LONDON v. STATE ex rel. BOROM, Deputy Sol. (4 Div. 268.)**

(Supreme Court of Alabama. May 13, 1926. Rehearing Denied June 10, 1926.)

1. **Appeal and error** ⊜◡1009(1)—**Decree in equity on testimony ore tenus has weight of jury verdict, and will not be disturbed, unless plainly erroneous.**

Court's decree in equity on testimony taken ore tenus has weight of jury's verdict, and will not be disturbed on appeal, unless plainly erroneous.

2. **Intoxicating liquors** ⊜◡250 — **In proceeding to condemn automobile used in transporting prohibited liquors, trial court could give word "liquor," as used by witness, its generally understood meaning as intoxicating liquor.**

In proceeding to condemn automobile used in transporting prohibited liquors, trial court *held* authorized to give word "liquor," as used by witness, its generally understood meaning as intoxicating liquor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquor.]

3. **Intoxicating liquors** ⊜◡250 — **Evidence of claimant's and his agent's or driver's reputations as liquor dealers in county where automobile was seized held to warrant inference that he knew it was being used to transport liquor.**

In proceeding to condemn automobile, evidence of claimant's and his agent's or driver's reputations as liquor dealers in county of seizure for 2 or 3 years and 12 or 18 months, respectively, *held* to warrant inference that he knew that car was being used to transport prohibited liquors.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Bill in equity by the State, on the relation of T. L. Borom, Deputy Solicitor, against Jim Tillery, with intervention of claim by Herbert London. From a decree for complainant, claimant appeals. Affirmed.

See, also, post, p. ——, 106 So. 912.

A. G. Seay, of Troy, for appellant.

In trials in equity objections to testimony are not necessary. Code 1923, § 6565; D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805. The presumtpion in favor of the decree does not apply when the facts are disputed.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Where the testimony is taken orally before the court, the judgment or decree will not be disturbed, unless plainly erroneous. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; State v. Farley, 206 Ala. 172, 89 So. 510; May v. State, 211 Ala. 449, 100 So. 780. "Liquor" is generally understood to mean intoxicating liquors. 33 C. J. 495.

THOMAS, J. The proceeding was in equity to condemn an automobile alleged to have been used in the illegal transportation of prohibited liquors. There was intervention by an alleged owner. The decree, on testimony taken ore tenus, was for condemnation.

[1] The presumption obtaining is that the decree will not be disturbed on appeal, unless the same is plainly erroneous. Such judgment has the weight of a verdict of a jury. Andrews v. Grey, 199 Ala. 152, 74 So. 62; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Ray v. Watkins, 203 Ala. 683, 85 So. 25; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; State ex rel. Seibels v. Farley, 206 Ala. 172, 89 So. 510; May v. State, 211 Ala. 449, 100 So. 780.

[2] The word "liquor," as used by the witness and in the context, was authorized to be given by the trial court its generally understood meaning—that it was an intoxicating liquor. 33 C. J. p. 495, § 13; Marks v. State, 159 Ala. 71, 48 So. 864, 133 Am. St. Rep. 20. However, one witness used the shorthand expression of the liquor in bottles "that looked like rum to me"; that it was under the "back seat" of the car in question at the time and place fixed by the evidence of the state's witness.

[3] We find no reversible error in the admission or rejection of evidence. The inference is that claimant knew the car was being used for the transportation of prohibited liquors, when considered in the light of the evidence of the reputation of claimant and his agent or driver as "being a liquor dealer" in the county where the car was seized, and that that bad reputation of Tillery had obtained for "12 or 18 months," and that of intervener in said "community" had obtained for "2 or 3 years" next preceding the trial.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

⊜◡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
214 ALA.—43