175 So. 562

### NEWTON v. STATE.

### 8 Div. 407.

Court of Appeals of Alabama.

Feb. 16, 1937.

Rehearing Denied March 16, 1937.

Affirmed on Mandate May 11, 1937.

Rehearing Denied June 8, 1937.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

This case was tried before the court sitting without a jury. In such situation, as we understand, it is within our province to review the finding of said court and render such judgment as he should have rendered. Code 1928, § 9502.

We shall endeavor to do so.

Appellant was out on a road with a young lady. It seems the young lady was in a car, and that appellant—for strictly private purposes—was out "in the bushes" by the side of the road. And the officers arrived.

They say he had in his hand a bottle, containing "liquor."

Well "liquor," at *present*, may be such as is prohibited by our laws, specifically, "an alcoholic beverage, as brandy, wine, whiskey etc." And then again it may be "any liquid substance, as water, milk, blood, sap, juice, or the like." See Webster's New International Dictionary (Second Edition).

We find nothing in the testimony offered on the trial of this case to indicate *what kind* of "liquor" the State's witnesses claimed appellant possessed.

Consequently the judgment of conviction is reversed; and, since the prosecution appears to us to be founded upon a rather petty—even if *any*—offense, the case ought to be brought to a speedy end—so judgment is here rendered discharging appellant.

Reversed and rendered.

On Rehearing.

It is true, Mr. Justice THOMAS, speaking for the Supreme Court in the case of London v. State ex rel. Borom, Deputy Sol., 214 Ala. 673, 108 So. 587 (a proceeding in equity to condemn an auto-

mobile alleged to have been used in the illegal transportation of prohibited liquors), used this language: "The word 'liquor,' as used by the witness *and in the context,* was authorized to be given by the trial court its generally understood meaning—that it was an intoxicating liquor." (Italics ours.)

But we- stand on our original opinion. We, too, strongly suspect that the "liquor" appellant had was intoxicating.

To sustain the conviction would require a guess, though, on our part; as it must have required one on the part of the trial court (according to the testimony ·shown here in the *bill of exceptions)* to render the judgment.

So the application is overruled. Opinion extended.

PER CURIAM.

Affirmed on authority of Newton **v.** State, 234 Ala. 91, 175 So. 563.