177 So. 344

## COOK v. TAYLOR.
### 1 Div. 963.

Supreme Court of Alabama.

Dec. 2, 1937.

George A. Sossaman, of Mobile, for appellant.

Robt. H. Smith, of Mobile, for appellee.

ANDERSON, Chief Justice.

Bill filed in equity by the appellant, Tom Cook, a nephew and heir of one Jennie Briggs, deceased, to set aside a deed made by her to the respondent, a great niece, to certain real estate situated in the town of Prichard upon the grounds of undue influence, fraud, and mental incapacity of the grantor, the said Jennie Briggs.

The main controverted issue was as to the mental capacity of the grantor when she executed the deed.

There was evidence tending to show that the grantor was an old woman and was in bad health for a couple of years before her death and that owing to the nature of her disease she had mental lapses, especially during the last few months before her death. There was also evidence showing that she had lucid intervals and that she had sufficient mental capacity when she executed the deed, which was some six months prior to her death, to fairly understand the nature and consequences of the act and that her weakened condition did not amount to incapacity to understand her act.

Therefore, regardless of the burden of proof, the evidence seems to have been ore tenus, and the trial court heard and saw the witnesses, and his conclusion on the controverted issues was like unto the verdict of a jury and will not be disturbed by this court, unless contrary to the great weight of the evidence, and this rule obtains in equity as well as law. Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; London v. State, 214 Ala. 673, 108 So. 587; Cox v. Stollenwerck, 213 Ala. 390, 104 So. 756.

We think that the conclusion of the trial court was not contrary to the great weight of the evidence, but was supported by most satisfactory evidence.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.